**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | |
| | ) | Civil No. 12-196 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, | ) | |
| | ) | |
| Defendant/Counter Claimant. | ) | |

**MEMORANDUM OPINION**

## I.      INTRODUCTION

This is an action brought by Plaintiff/Counter Defendant, Wonderland Nurserygoods Co., Ltd. ("Wonderland"), against Defendant/Counter Claimant, Thorley Industries, LLC ("Thorley"), for infringement of United States Patent No. 8,047,609 ("the '609 Patent"). (*See* Docket No. 1). Pending before the Court is Thorley's "Motion to Stay Proceedings Pending Reexamination of U.S. Patent No. 8,047,609." (Docket No. 14). The motion is fully briefed. (*See* Docket Nos. 15, 16, 20, 22). After consideration of the arguments presented by both sides, the Court finds that the motion should be DENIED.

## II.     BACKGROUND

As stated, this is a patent infringement lawsuit filed by Wonderland against Thorley. The suit was filed on February 16, 2012. (Docket No. 1). The patent in suit, the '609 Patent, relates generally to mechanized infant rocking chair technology. (*See* Docket No. 1-2).

On January 12, 2012, Thorley filed a Request for *Inter Partes* Reexamination with the United States Patent and Trademark Office ("PTO"). (*See* Docket No. 15-1). The Request

asserted challenges against claims 1, 2, 3, 12, 13, 19 and 20 of the '609 Patent.  (*See id.*).  On February 14, 2012, the PTO issued an Order granting Thorley's request for *inter partes* reexamination, concluding that there was a reasonable likelihood that Thorley would prevail as to claims 1, 2, 12, 13, 19 and 20.  (*See* Docket No. 15-2 at 2).  Conspicuous for its absence on this list is claim 3, the challenge against which the PTO found unlikely to succeed.  (*Id.*).

Also on February 14, the PTO issued an initial Office Action rejecting all of the claims under reexamination – i.e., claims 1, 2, 12, 13, 19 and 20.  (*See* Docket No. 15-3).  That Office Action expressly stated that claims 3-11 and 14-18 were not subject to reexamination.  (*Id.*).  On February 24 – ten days after the Reexamination was granted (in part) and eight days after this case was filed – Defendant moved this Court to stay pending reexamination.  (Docket No. 14).  Plaintiff opposes this request.  (Docket No. 16).  As the motion is fully briefed (Docket Nos. 15, 16, 20, 22), it is ripe for disposition.

### III.    LEGAL STANDARD

District courts have broad power to stay proceedings.  *U.S. ex rel. FLFMC, LLC v. William Bounds, LTD.*, Civ. No. 10-420, 2010 WL 2990725, *1 (W.D. Pa. July 28, 2010) (Lancaster, C.J.) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976).  A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants."  *See Bechtel*, 544 F.2d at 1215 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *Gunduz v. U.S. Citizenship and Immigration Services*, Civ. No. 07-780, 2007 WL 4343246, *1 (W.D. Pa. December 11, 2007) (Ambrose, C.J.) (citing *Landis* and *Bechtel*).  A court must exercise its judgment in weighing the competing interests and maintaining an even

2

balance when staying a proceeding. *See Landis*, 299 U.S. at 254-55; *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005).   In deciding whether to stay litigation pending reexamination at the PTO, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F.Supp.2d at 662; *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999).

## IV.   ANALYSIS

### a.  Prejudice

Thorley begins by asserting that Wonderland will not be subject to prejudice, because delay alone does not prejudice a party.  (Docket No. 15 at 6) (citing *Everett Labs, Inc. v. River's Edge Pharmaceuticals, LLC*, Civ. No. 09-3458, 2009 WL 4508584, at *3 (D.N.J. Nov. 24, 2009).  Thorley points to 35 U.S.C. § 314(c), which requires the PTO to conduct reexaminations with "special dispatch."  (Docket No. 15 at 6).  Thorley also argues that a stay is unlikely to prejudice Wonderland because damages will continue to accrue during the term of reexamination.  (*Id.* at 7) (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985)).

In response, Wonderland argues that a stay pending reexamination will likely last five to eight years, which is "a sizable portion of the initial life of its patent, sometimes the only significant portion of a patent's life."  (Docket No. 16 at 8).  Wonderland also argues that, because it is a direct competitor to Thorley, a stay will cause it undue prejudice because Wonderland will lose substantial profits and goodwill in the market.  (*Id.*).

The gist of Thorley's reply is that Wonderland has overestimated the term of the stay. Thorley contends that the PTO "has made every indication" that it intends to process the reexamination in a speedy manner.   (Docket No. 20 at 3-4).   Thorley also argues that Wonderland's assertions over the length of a stay are unsupported: the evidence Wonderland cited is old, and they have not taken into account the passage of the America Invents Act ("AIA"), H.R. 1249 (2011), which has overhauled the reexamination process.  (*Id.* at 3).  Thorley also challenges Wonderland's assertion that the two companies are direct competitors.  (*Id.* at 2). Alternatively, even if the two companies compete in some markets, Thorley claims that they do not compete "when it comes to the accused product."  (*Id.*).

Wonderland's sur-reply challenges Thorley's assertion that the two companies do not compete in the market.   Specifically, Wonderland claims that it makes and sells products to Graco Children's Products Inc., which directly competes with the accused product.  (Docket No. 22 at 2-3).

First, as to the term of delay, this Court finds that the prolonged delay could be prejudicial.  Both parties seem to agree that the stay will last *at least* three years (36.2 months).[1] There is no guarantee that the AIA will accelerate reexamination.  At this point, any acceleration in reexamination procedures is conjectural.  The Court believes the historical evidence is still pertinent, and that the 36.2 months is probably the *shortest* delay likely to arise under a stay. *See*, *e.g.*, *BarTex Research, LLC v. FedEx Corp.*, 611 F.Supp.2d 647, 651 (E.D. Tex. 2009) ("A stay could potentially prevent BarTex from enforcing its rights for 6.5 years."); *Baxter Intern.,*

---

[1] Thorley submitted with its opening brief the PTO's "*Inter Partes* Reexamination Filing Data – September 30, 2011", which indicates that the average pendency for *inter partes* reexaminations is 36.2 months.  (Docket No. 15-4).  Wonderland, in response, accepts the 36.2 month figure, but argues, effectively, that it should be taken with a grain of salt.  (*See* Docket No. 16 at 9).  The PTO's data is available at www.uspto.gov/patents/IP_quarterly_report_September_2011.pdf.

*Inc. v. Fresenius Medical Care Holdings, Inc.*, Civ. No. 08-2389, 2008 WL 4395854, *5 (N.D. Ill. Sept. 25, 2008) (accepting evidence suggesting that "*inter partes* reexamination, including appeals, can be expected to last approximately six and one-half years, and may take as long as eight years."); *Quest Software, Inc. v. Centrify Corp.*, Civ. No. 10-859, 2011 WL 1085789, at *4 (D.Utah Mar. 21, 2011) (same).

Courts have recognized that, where the parties are direct competitors, a stay would likely prejudice the non-movant. *See eCOMSYSTEMS, Inc. v. Shared Marketing Services, Inc.*, Civ. No. 10-1531, 2011 WL 280942, *3-4 (M.D. Fla. Jan. 26, 2011); *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F.Supp.2d 848, 851 (S.D. Tex. 2009). Thus, if the parties *are* competitors, as Wonderland asserts, then a stay would result in prejudice to Wonderland.

However, it is not necessary that the parties be direct competitors for prejudice to inure to the patentee. A patent grants "to the patentee…the right to exclude others from making, using, offering for sale, or selling the invention." 35 U.S.C. § 154 (2012). As one court has noted, "[t]he right to exclude, *even for a non-practicing entity*, may be the only way to fully vindicate the patentee's ownership in the patent." *BarTex*, 611 F.Supp.2d at 652 (emphasis added) (citing *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327-28 (Fed. Cir. 2008)). If a non-practicing entity may overcome a stay based on the fact that its rights are not being vindicated, it is surely not critical that the parties be in direct competition.

Thus, because a stay would prohibit Wonderland from enforcing its right to exclude for several years, at a minimum, the Court finds that it would be prejudiced by a stay. The Court notes that, if Thorley were to agree to discontinue production of the allegedly infringing products, or if they were to agree to produce a design-around, then the Court's analysis would

5

change.  As no stipulation to this end has been proposed, the Court finds that this factor weighs against granting the motion to stay.

### b.  Simplification

As discussed above, Thorley requested reexamination of several claims of the '609 Patent.  The PTO granted reexamination as to claims 1, 2, 12, 13, 19 and 20.  Thorley's request as to claim 3, however, was denied.  Thorley's failure to obtain reexamination as to claim 3 is particularly relevant to this Court.  Thorley claims that the "references [disclosed to the PTO] will establish that a significant number of the '609 patent claims, *including all claims which Wonderland undoubtedly intends to assert to support its infringement allegations*, are not patentable and should never have been allowed."  (Docket No. 15 at 1) (emphasis added).

Although the Court cannot go so far as Wonderland, which concluded that Thorley's efforts at reexamination meant that Thorley "felt [the reexamined claims] were infringed," (Docket No. 16 at 3), the Court believes it is relevant that Thorley avers that Wonderland "undoubtedly intend[ed]" to assert claim 3 against it.  Although claim 3 is dependent upon claim 2 (and claim 2 upon claim 1), the PTO's determination on the validity of claims 1 and 2 is irrelevant to the scope of claim 3, which will remain valid regardless of the outcome of reexamination as to claims 1 and 2.  *See* 35 U.S.C. § 282 ("dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim.").

Wonderland claims that it will not only assert infringement of claim 3, but claim 14 as well.  (*See* Docket No. 16 at 3-4).  Thus, there are likely two claims – or, at least one, as claim 3 appears to be clearly at issue – that are at issue here that are not subject to the reexamination. Because the scope of at least these claims will not be affected by the reexamination, it appears that the controversy cannot be entirely resolved by the PTO.

Even considering the fact that the remaining claims up for reexamination – claims 1, 2, 12, 13, 19 and 20 – have been initially rejected, the Court does not find that the issues will necessarily be simplified in this case.  The *BarTex* court saw a much more convincing case: in that case, *all* of the claims at issue were rejected in the initial office action on reexamination.  *See BarTex*, 611 F.Supp.2d at 652.  Here, at least two claims will be untouched by the reexamination.  Thus, while it appears likely that some of the issues will change as the claims are amended, it is not clear the degree to which reexamination will simplify the issues that this Court must address.  Thus, this factor weighs slightly against granting the stay.

### c.  Stage of Litigation

Defendant's motion for stay was filed just over a week after the Complaint was filed.  The Court has not held a case management conference.  This case is truly in its infancy.  Thus, the third element weighs in favor of a stay, as discovery deadlines and a trial date have not yet been set.  *See*, *e.g.*, *Spa Syspatronic, AG v. Verifone, Inc.*, Civ. No. 07-416, 2008 WL 1886020, at *4 (E.D. Tex. Apr. 25, 2008) (finding that the third factor favored a stay where defendant moved for stay prior to the court issuing dates for the *Markman* hearing and trial).

### d.  Conclusion

The Court has found that Plaintiff would be unduly prejudiced if this Court were to grant a stay.  Moreover, the Court finds that, while the issues before it may be simplified somewhat, they will not be simplified to the degree that this element would outweigh prejudice to Wonderland.  Against these considerations, the Court balances the relative youth of this case.  Taking all factors into account, the Court does not find that the rationale asserted by the Defendant to move this Court to stay proceedings outweighs the prejudice to plaintiff and the relative lack of simplification that a stay would lend these proceedings.  Because two of the three

considerations weigh against granting a stay, the Court finds that a stay is inappropriate in this matter, and will deny Defendant's motion.

## V.       CONCLUSION

For the foregoing reasons, Defendant's motion to stay (Docket No. 14) is DENIED. Because the Defendant's Answer has been filed, as has Plaintiff's response thereto, a case management conference will be scheduled.  Appropriate orders follow.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 14, 2012
cc/ecf:  All counsel of record.