IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 12-196 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's "Motion to Strike Portions of the Expert Report of William W. Clark," (Docket No. 73), and Brief and Declaration in Support (Docket Nos. 74, 75), wherein Plaintiff asks the Court to strike the Defendant's expert report it received and to preclude certain invalidity arguments as being beyond the scope of Defendant's most recent invalidity contentions.[1] Defendant opposes this motion, (Docket No. 80), Plaintiff has replied (Docket No. 88), and Defendant has sur-replied (Docket No. 91). For the following reasons Plaintiff's Motion is DENIED, without prejudice.

This patent infringement case concerning infant rocking chairs was filed on February 16, 2012. (Docket No. 1). The Court entered its claim construction order on January 11, 2013. (Docket No. 59). The parties have now completed fact discovery and expert discovery. (Docket No. 61). Summary Judgment and *Daubert* motions are to be filed on July 1, 2013. (*Id.*). Plaintiff's current motion is titled a "Motion to Strike Defendant's Expert Report;" however, it requests narrower relief in that it asks the Court to strike "all new theories of invalidity and all

---

[1] Upon, the Court's review it appears that Thorley's last amendment was November 2012. (Docket No. 75 at Ex. 4; 59, 61). The Court does not offer any opinion whether further amendment is either necessary or proper.

1

publications identified for the first time in the Expert Report." (Docket No. 73 at Ex. 1). As the basis for same, it alleges that the invalidity theories expressed by Dr. Clark's expert report are beyond the scope of the invalidity contentions Defendant has exchanged. (Docket No. 74).

Plaintiff has not proffered any grounds for relief beyond those set forth by the Federal Rules for discovery violations, so this Court applies the law of the Third Circuit, since "the issue to be addressed involves an interpretation of the Federal Rules of Civil Procedure not unique to patent law." *Nike Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 647-48 (Fed. Cir. 1994).

In light of Defendant's contentions, Plaintiff first requests that the Court strike the expert report of Thorley's expert Dr. Clark. (Docket No. 73). Plaintiff, however, does not state with particularity the Federal Rule that it seeks to invoke. *Sproull v. Golden Gate Nat'l. Sr. Care, LLC,* Civ. A. No. 08-1107, 2010 WL 339858 (W.D. Pa. Jan. 22, 2010) ("motions practice requires a party to state with particularity the grounds upon which the motion is being made and the relief or order sought"); FED. R. CIV. P. 7(b)(1). To the extent that Plaintiff brings this motion as a "motion to strike," Federal Rule of Civil Procedure 12(f) governs the court's authority to strike items from the record, and it permits striking matters only from pleadings. FED.R.CIV.P. 12(f); 5C Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1380 (3d ed.) ("motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)"). Dr. Clark's expert report is not a pleading, nor for that matter a brief or affidavit, and therefore cannot be stricken by the Court. *See also Jarvis v. FedEx Office & Print Servs., Inc.,* Civ. A. No. 08-1694, 2011 WL 826796 (D. Md. Mar. 7, 2011) *aff'd,* 442 F. App'x 71 (4th Cir. 2011) *cert. dismissed,* 132 S. Ct. 1018, 181 L. Ed. 2d 727 (U.S. 2012) ("While some

courts have employed FED.R.CIV.P. 12(f) to strike an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so.").[2]

Federal Rules 26 and 37 may provide for the preclusion of certain arguments or the exclusion of evidence in limited circumstances, but in the Court's estimation these rules are not implicated here. Under Rule 26, any expert witness must prepare and exchange with the opposing party a written report containing, among other items, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED.R.CIV.P. 26(a)(2)(B)(ii). The purpose of this report "is to put the other side on notice about the scope of the expert's potential testimony." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.,* Civ. A. No. 09-290, 2012 WL 5451495 at *3 (W.D. Pa. Nov. 7, 2012); *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak),* 619 F.3d 729, 734 (7th Cir. 2010). Failure to abide by the disclosure requirements in these provisions is governed by Rule 37(c)(1), which provides that "if a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless" or the disobedient party may be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.,* 888 F. Supp. 2d 637, 644 (W.D. Pa. 2012); FED.R.CIV.P. 37(c)(1). Rule 37 does not call for the "striking" of discovery

---

[2] Because the expert report is on the docket only as an attachment to the Plaintiff's present motion and not required to be filed on the Court's docket at this time, one could argue "there is not even anything on the docket of the Court to strike, even if the Court were empowered to do so." *Hrivnak v. NCO Portfolio Mgmt., Inc.,* 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010) (Plaintiff's "Motion to Strike must be denied for the simple reason that his motion does not exist under the Federal Rules…as there is not even anything on the docket of the Court to strike"); *Sanchez v. Verified Pers., Inc.,* Civ. A. No. 11-2548, 2012 WL 1856477 (W.D. Tenn. May 21, 2012) ("where matters are not filed on the docket, courts have even more limited authority to strike them, as there is nothing on the docket to strike").

materials; it only limits their future use as evidence. Thus, striking the expert report under Rule 37 does not appear appropriate at this stage.[3]

In considering Plaintiff's request, it is important to understand the purpose of contentions in a patent case. The exchange of invalidity contentions is governed by this Court's local patent rules, which "are designed to advance the litigation in a timely and efficient manner and make it less expensive." *Copper Innovations Grp., LLC v. Nintendo Co., Ltd.,* Civ. A. No. 07-1752, 2012 WL 628465 (W.D. Pa. Feb. 27, 2012) *aff'd,* 2012-1622, 2013 WL 2158752 (Fed. Cir. May 21, 2013). The purpose of invalidity contentions is to require a party to "crystallize its theories of the case early in the litigation" and provide notice of the accusing party's specific theories of invalidity. *In re Maxim Integrated Products, Inc.,* Misc. No. 12-244, 2013 WL 1909403 (W.D. Pa. May 8, 2013); *H-W Tech., L.C. v. Apple, Inc.,* Civ. No. 11-651, 2012 WL 3650597 (N.D. Tex. Aug. 2, 2012) *report and recommendation adopted sub nom. H-W Tech., L.C. v. Amazon.com, Inc.,* 3:11-CV-0651-G BH, 2012 WL 3656293 (N.D. Tex. Aug. 27, 2012). This streamlined process was created to hasten "resolution on the merits by providing structure to discovery which enables the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *In re Maxim Integrated Products, Inc.,* 2013 WL 1909403. In this Court's estimation, contentions are an extension of notice pleadings, requiring more specificity in order to reign in and streamline discovery.

Key to this Court's determination of the present motion is the degree of prejudice, if any, the Plaintiff has suffered. However, Plaintiff has not shown any prejudice from allegedly being

---

[3] The Court notes that, ironically, had Defendant not included in the report all opinions its expert might give (including those that might exceed the current infringement contentions) it might have committed a violation of Rule 26. *Carnegie Mellon Univ.,* 2012 WL 5451495 at *2 ("caselaw establishes that a [supplemental expert report] or declaration should be stricken if it contains new opinions or information which is contradictory to that set forth in the [initial] expert report.")(internal citation omitted); *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) (excluding an expert opinion as it was not disclosed in expert report regardless of whether the corresponding contentions has previously been exchanged).

surprised by what it deems new contentions.  The Court's expert discovery order, allowed Defendant the opportunity to depose Dr. Clark, between May 8-30, 2013 (after the filing of this motion), on his background, opinions and basis for same. (Docket No. 61).  It is incumbent on counsel to fully explore any and all opinions, authority, and basis for same, and to secure any supporting documents from opposing experts during the expert discovery process.  Yet, neither party brought any issue to the attention of the Court in this regard (or in any other discovery dispute for that matter).  Plaintiff has not requested an extension for discovery (either fact or expert) because of these "new revelations."  Defendant states "every reference relied upon to satisfy a claim limitation by Dr. Clark was included in [Defendant's] initial invalidity contentions served nearly a year ago." (Docket No. 91 at 3).[4]  Moreover, upon review of Plaintiff's own rebuttal expert report, the Court finds no deficiency in same due to claimed unexpected invalidity arguments.

Plaintiff points to *Volterra Semiconductor Corp. v. Primarion, Inc.*,[5] to argue that courts have limited infringement or invalidity arguments, because of violations in disclosing contentions.  796 F. Supp. 2d 1025 (N.D. Cal. 2011).  However, *Volterra* was decided at the summary judgment stage, and it involved the submission of 43 new prior art references. *Id.*  In the present instance, there is no prejudice, as every reference relied upon by Defendant's expert was included in the initial invalidity contentions and as part of the reexamination request, both exchanged over a year ago, Plaintiff had the opportunity to fully depose the expert, and dispositive motions are not due until July. (Docket No. 91 at 3); (Docket No. 61); *see also Sightsound Technologies, LLC v. Apple, Inc.,* 11-1292, 2013 WL 1500617 (W.D. Pa. Apr. 11,

---

[4] Further, Defendant has said that these references were also "included in Thorley's request for reexamination which was in Wonderland's possession months before this lawsuit was even filed" in February 2012. (Docket No. 91 at 3-4).

[5] Plaintiff submitted this case in a letter to the Court accompanying a hand delivered copy of its expert report, which the Court ordered to be produced. (Docket No. 92).

2013) (finding no prejudice by tardy disclosure of contentions since there was still time for further discovery if necessary, and dispositive motions had not yet been filed).

The Federal Circuit agrees that a showing of prejudice is required to grant any relief, and prejudice will likely not be found if the party is held to have had "sufficient notice of the argument." *Eli Lilly & Co. v. Teva Pharmaceuticals USA, Inc.,* 619 F.3d 1329, 1345 (Fed. Cir. 2010). Moreover, the exclusion of evidence for such a discovery violation is an "extreme sanction" that is normally reserved for a "showing of willful deception or 'flagrant disregard' of a court order by the proponent of evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)(internal citation omitted).

Finally, Plaintiff's request to strike "all new theories of invalidity and all publications identified for the first time in the Expert Report" must be denied because it is premature. Defendant has not yet presented the Court with invalidity arguments, as Motions for Summary Judgment are not due until July 1, 2013. (Docket No. 61). As it stands now, Plaintiff is essentially seeking an advisory opinion with respect to hypothetical invalidity arguments that are not before the Court. *See In re Maxim Integrated Products, Inc.,* Misc. No. 12-244, 2013 WL 1909403 (W.D. Pa. May 8, 2013) (J. Conti) ("Any determination rendered by the court would merely opine on an abstract question whether the contentions are sufficient.") The Court does "not have jurisdiction to render an advisory opinion" on hypothetical arguments that Plaintiff believes Defendant may present at some future stage of this litigation. *Project Vote v. Kelly*, 805 F. Supp. 2d 152, 166 (W.D. Pa. 2011) (J. Fischer); *Michigan v. Long,* 463 U.S. 1032, 1041–1042, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Accordingly, it would be improper, and inefficient, for the Court to rule on the scope of contentions before invalidity arguments are presented to the Court. *See In re Maxim Integrated Products, Inc.,* 2013 WL 1909403 ("The

more troubling aspect of the Moving Parties' motions [to preclude Plaintiff from raising certain infringement arguments] is that they seek essentially an advisory opinion with respect to whether Maxim's infringement contentions are sufficient under LPR 3.2. Article III, section 2 of the United States Constitution prohibits courts from rendering advisory opinions on abstract questions of law.")  If the Defendant argues the challenged invalidity points contained in the defense expert's report, the Court can evaluate the propriety of same in the context of fully supported and briefed motions and after oral argument.

In sum, Plaintiff seems to challenge this Court to preemptively limit Thorley's arguments based on the local patent rules governing the exchange of contentions.  Plaintiff, however, has not proffered any Federal Rule, Local Rule, or case precedent to demonstrate that this Court has the power to do so, if it was so inclined.  Finding no such precedent, and with its broad power "to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants," the Court denies Plaintiff's requests.  *Bechtel Corp. v. Local 215, Laborers' Int'l Union,* 544 F.2d 1207, 1215 (3d Cir.1976); *Koninklijke Philips Electronics N.V. v. Zoll LifeCor Corp.,* Civ. No. 12-1369, 2013 WL 455178 (W.D. Pa. Feb. 6, 2013).

For the foregoing reasons, Plaintiff's "Motion to Strike Portions of the Expert Report of William W. Clark," (Docket No. [73]) is DENIED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: June 7, 2013
cc/ecf:  All counsel of record