# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 12-196 |
| vs. | ) Judge Nora Barry Fischer<br>) |
| THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This patent infringement case is set to commence jury selection and trial on January 27, 2014. Presently pending before the Court is Defendant Thorley Industries, LLC's ("Thorley") January 3, 2014 Motion to Exclude Plaintiff Wonderland NurseryGoods Co., Ltd.'s ("Wonderland") Amended Infringement Contentions and Supplemental Expert Report. (Docket No. 176). Upon consideration of Defendant's Motion [176], Plaintiff's Response, (Docket No. [197]), the parties' arguments presented at the motion hearing, (Docket No. [199]), and for the following reasons, said Motion [176] is GRANTED, as Plaintiff has neither requested nor received leave to serve its Amended Infringement Contentions or to reopen expert discovery, and Plaintiff's Amended Infringement Contentions and Supplemental Expert Report are untimely.

## I.     BACKGROUND

Wonderland filed the instant complaint against Thorley for infringement of U.S. Patent No. 8,047,609 (the "'609 Patent") by the accused mamaRoo device on February 12, 2012.[1] (Docket No. 1). Pursuant to the Court's Initial Patent Scheduling Order, (Docket No. 30),

---

[1] The Court limits its discussion to the facts necessary to resolve the present Motion. For a more robust discussion of the facts of this case, see the Court's Memorandum Opinion at Docket No. 157, *Wonderland NurseryGoods Co., Ltd. v. Thorley Indus., LLC*, Civ. No. 12-196, 2013 WL 6731899 (W.D. Pa. Dec. 19, 2013).

1

Wonderland served its Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions") on Thorley on May 10, 2012, (Docket No. 177-3), and Thorley served its Non-Infringement and Invalidity Contentions on Wonderland on May 24, 2012, (Docket No. 177-4). The parties met and conferred regarding the disputed claim terms, and filed a Revised (and corrected) Joint Disputed Claim Construction Chart on September 25, 2012. (Docket Nos. 45, 46). The Court held a Markman Hearing on September 27, 2012, (Docket No. 47), and ordered preparation of the transcript, (Docket No. 51). On January 11, 2013, after receiving the Revised (and corrected) Claim Construction Chart, the transcript of the Markman Hearing, and the Pre-Hearing and Post-Hearing Briefs, (Docket Nos. 39-43, 45-47, 51, 53-54), the Court issued a Memorandum Opinion and Claim Construction Order, (Docket Nos. 58-59).

Thereafter, pursuant to the Court's Scheduling Order dated January 15, 2013, expert discovery commenced on May 8, 2013 and concluded on May 30, 2013, and motions for summary judgment and *Daubert* motions were due no later than July 1, 2013. (Docket No. 61). Meanwhile, on March 14, 2013, Wonderland filed an early Motion for Summary Judgment of Infringement of Claims 12-14 and 19-20 of the '609 Patent, (Docket Nos. 68-72, 76-79, 81-83), which the Court denied without prejudice to be re-filed by July 1, 2013, (Docket No. 84).

On July 1, 2013, the parties filed Cross-Motions for Summary Judgment of Non-Infringement, (Docket Nos. 104-07), and Infringement, (Docket Nos. 95-98). They filed their Oppositions on July 29, 2013, (Docket Nos. 122-25, 129-31), and Replies on August 14, 2013, (Docket Nos. 135, 140-42). On August 26, 2013, the Court heard oral argument, (Docket Nos. 143-44), after which the Court ordered preparation of the transcript, filed of record on September 13, 2013 at Docket No. 145. On December 19, 2013, the Court issued a Memorandum Opinion and Order granting in part and denying in part said Cross-Motions. (Docket Nos. 157, 158).

On December 26, 2013, without seeking leave of the Court, Wonderland served on Thorley Amended Infringement Contentions, (Docket No. 177-1), and a Supplemental Expert Report by Jerome Drobinski,[2] (Docket No. 177-2), directed at whether the gearing and linkage within the accused mamaRoo device constitute part of the alleged second motion mechanism, a necessary limitation of the patent at issue in this case. On January 3, 2014, Thorley filed this Motion to Exclude Wonderland's Amended Infringement Contentions and Supplemental Expert Report, (Docket Nos. 176, 177), to which Wonderland filed a Response, (Docket No. 197).

## II. DISCUSSION

As a threshold issue, Rule 1 provides that the rules governing "all civil actions and proceedings in the United States District Courts …. should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[3] FED. R. CIV. P. 1. Rule 11 requires attorneys to certify that any "pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it … is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). Here, Wonderland has brought a complaint against Thorley for infringement of the '609 Patent by the accused mamaRoo device on February 12, 2012, and at that time, certified to the Court that it conducted a sufficient investigation of the facts under Rule 11. (Docket No. 1). Shortly thereafter, on May 10, 2012, Wonderland served its Infringement Contentions, (Docket No. 177-3), based on the complaint and its investigation of the facts. Now, more than eighteen (18) months later, Wonderland attempts to amend its

---

[2] Mr. Drobinski is President of Global Development and Sourcing, Inc. ("GDS"). Drobinski Rep. at 8, (Docket No. 124-7 at 10). Relative to his opinion, see the Court's Memorandum Opinion at Docket No. 157.

[3] The Court notes that the "[t]he mission of the United States District Court for the Western District of Pennsylvania is to preserve and enhance the rule of law while providing an impartial and accessible forum for the just, timely and economical resolution of legal proceedings within the court's jurisdiction, so as to protect individual rights and liberties, promote public trust and confidence in the judicial system, and to maintain judicial independence." *See* UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF PENNSYLVANIA, *available at* http://www.pawd.uscourts.gov/.

Infringement Contentions, without leave of the Court, suggesting that it did not investigate the case at the outset when it filed its complaint and served its Infringement Contentions.

The instant case, moreover, is not the only litigation involving these parties and this technology. Parallel litigation has occurred not only at the U.S. Patent Office, (Docket No. 14), but also before Judge Mark R. Hornak in Civil Action No. 13-387 in the Western District of Pennsylvania, (Docket No. 182). Wonderland could have agreed to stay this case pending reexamination at the U.S. Patent Office, but it chose not to do so. (Docket No. 16).

### A. Amended Infringement Contentions

Wonderland also could have sought leave to amend its Infringement Contentions for more than fifteen months, but it has not done so. Even after the parties met and conferred on September 25, 2012 regarding the disputed claim terms, (Docket Nos. 45, 46), the Court held its Markman Hearing on September 27, 2012, (Docket No. 47), and the Court issued its January 11, 2013 Memorandum Opinion on claim construction, (Docket Nos. 58), Wonderland did not seek leave to amend. Nor did it seek leave to amend after the Court's December 19, 2013 Memorandum Opinion resolving the parties' motions for summary judgment. (Docket No. 157).

Pursuant to this Court's Local Patent Rules,

> Amendments or modifications of the Infringement Contentions or the Non-infringement and/or Invalidity Contentions are permissible, subject to other applicable rules of procedure and disclosure requirements, if made in a timely fashion and asserted in good faith and without purpose of delay. The Court's ruling on claim construction may support a timely amendment or modification of the Infringement Contentions or the Non-infringement and/or Invalidity Contentions.

L.P.R. 3.7. Our local patent rules are "designed to advance the litigation in a timely and efficient manner and make it less expensive." *Copper Innovations Group, LLC v. Nintendo Co.*, Civ. No. 07-1752, 2012 WL 628465, *2 (W.D. Pa. Feb. 27, 2012), *aff'd*, 505 F. App'x 959 (Fed. Cir.

2013). The local patent rules "aim to prevent the vexatious shuffling of positions that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action." *Id.* (internal quotations omitted). "Waiting until the absolute last possible moment to file new infringement contentions is directly contradictory to the purpose of the Rules." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 888 F. Supp. 2d 637, 644 (W.D. Pa. 2012). Hence, "[a]mendment under Local Patent Rule 3.7 is committed to the Court's discretion." *Id.*

As for its discretion, the Court notes that in several recent cases in the Western District of Pennsylvania, the Court declined to allow the plaintiff to serve amended or supplemental infringement contentions. *Sightsound Techs., LLC v. Apple Inc.*, Civ. No. 11-1292, 2013 WL 203537, *3 (W.D. Pa. Jan. 17, 2013) (holding that "Plaintiff may not proceed with its amended infringement contentions" after it did not seek leave to amend its contentions and the amended infringement contentions were served after claim construction briefs were filed); *Nintendo Co.*, 2012 WL 628465, at *3 ("Although Local Patent Rule 3.7 states that the court's claim construction may support an amendment to the infringement contentions, the policies underlying the Rules have not been jettisoned. Those purposes and philosophies would not be advanced by permitting plaintiff to proceed on its second supplement.").

Even had Wonderland sought leave to amend its Infringement Contentions at this late date, the Court finds that allowing the Amended Infringement Contentions would be prejudicial to Thorley. Pursuant to Rule 16, "[a scheduling order] may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Here, Wonderland presented alternative arguments that a gear and linkage could constitute part of the first motion mechanism throughout its briefing on summary judgment. (Docket Nos. 129 at 14; 140 at 15). However, Wonderland did not present the parallel argument that a gear and linkage could constitute part of the second

5

motion mechanism, (Docket Nos. 129 at 14; 140 at 15), despite its new argument that the second motion mechanism included the coil spring,[4] (Docket Nos. 96 at 12, 16, 17, 19; 129 at 9-10).

To that end, Wonderland made a "tactical decision" not to assert alternate "infringement theories" based on the gear and linkage, and this "strategic mistake does not equate to a showing of good cause under Rule 16." *See St. Clair Intell. Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, Civ. No. 04-1436, 2012 WL 1015993, *6 (D. Del. Mar. 26, 2012), *aff'd*, 522 F. App'x 915 (Fed. Cir. 2013); *see also In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp. 2d 1, 8 (D.D.C. 2011) ("The good cause standard under Federal Rule of Civil Procedure 16(b) applies to a request to amend asserted claims and infringement contentions."); *Procter & Gamble Co. v. McNeil–PPC, Inc.*, 615 F. Supp. 2d 832, 839 (W.D. Wis. 2009) (opining that "failure to address [defendant's claim constructions and expert reports in support thereof] was plaintiff's choice [and] was not dictated by defendant or this court" and, therefore, "[p]laintiff cannot now seek to alter its strategy without a showing of good cause"). As in *Procter & Gamble Co. v. McNeil–PPC, Inc.*, here, Wonderland "cannot now seek to alter its strategy without a showing of good cause, which it has failed to make." *See Procter & Gamble Co.*, 615 F. Supp. 2d at 839.

To the extent that Wonderland relies in its briefing before the Court, (Docket No. 197 at 9-10), on the Court's supplemental claim construction of the term "for driving," (Docket No. 157 at 31-33), Wonderland clarified during oral argument, (Docket No. 199), that it did not dispute the Court's claim construction of the term "for driving" as denoting "controlling or directing motion," but expressed concern over whether Thorley could use the Court's discussion and

---

[4] As for the coil spring, the Court did not find waiver because Wonderland had provided Thorley with "an adequate opportunity for response and evidentiary development by the opposing party at trial," *see Interactive Gift Exp., Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1347 (Fed. Cir. 2001) (holding that arguments "based on a specification in evidence and that are in support of an existing claim construction are not barred by the doctrine of waiver for the sole reason that they were not first presented to the trial court"), given that the coil spring was raised on July 1, 2013, more than six months before trial. The Court also considered Wonderland's arguments concerning the coil spring because they were "closely related to arguments that [plaintiff] did raise." *See Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 417 (3d Cir. 2011).

6

ruling on the first motion mechanism, to impeach Wonderland's expert on the gearing and linkage with respect to the second motion mechanism. In any event, the Court's supplemental claim construction could not have been a surprise, as Wonderland was the one who advocated throughout its summary judgment briefing that the Court should issue a supplemental claim construction of the term "for driving." Thorley, by contrast, consistently argued that no supplemental claim construction was necessary. The Court further notes that Wonderland did not file a motion for reconsideration of the supplemental claim construction, nor did it file a motion to continue the January 27, 2014 trial date. Accordingly, the Court grants Thorley's Motion to Exclude Wonderland's Amended Infringement Contentions because Wonderland has neither requested nor received leave to amend its Infringement Contentions, and no good cause exists for allowing Wonderland to amend its Infringement Contentions at this late date.

### B. Supplemental Expert Report

For completeness, however, the Court also considers Thorley's Motion to Exclude Mr. Drobinski's December 26, 2013 Supplemental Expert Report. Pursuant to Rule 26(a)(2)(B), expert witnesses must file a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(ii). Failure to abide by the disclosure requirements in these provisions is governed by Rule 37(c)(1), which provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). Nevertheless, prior to excluding evidence for "failure to comply with discovery duties," the Third Circuit has held that the district court must consider the following four factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;

(2) the ability of the party to cure that prejudice;
(3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and
(4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

Here, Wonderland's late submission of a new infringement theory via Mr. Drobinski's December 26, 2013 Supplemental Expert Report was done without leave of the Court. (*See* Docket No. 177-2). As early as May 1, 2013, Wonderland knew that Thorley's non-infringement defenses included that "the second motion mechanism of the mamaRoo *also* includes the motor, gearing, crank, and link." (Docket No. 81 at 7). The deadline for expert discovery was also May 30, 2013, more than six months prior to the date of the Supplemental Expert Report. (Docket No. 61). Yet even after indicating that it could "seek[] leave to amend its contentions to show infringement based on the components identified by Thorley," (Docket No. 81 at 7 n.3), Wonderland did not do so. Nor has it shown any good cause for its delay. To that end, the Court grants Thorley's motion to exclude because Wonderland has neither sought nor received leave to serve amended infringement contentions or supplemental expert reports, or to reopen expert discovery that has been closed for more than six months.

With regard to prejudice, Wonderland's Supplemental Expert Report is prejudicial to Thorley because it was served on the eve of trial on December 26, 2013, only one day before the initial pretrial filings were due on December 27, 2013, (Docket No. 63), one month before jury selection on January 27, 2014, (*id.*), and more than six months after the close of expert discovery, (Docket No. 61). In this Court's estimation, Wonderland is "seeking to amend its infringement contentions in order to make arguments that could have been made before the entry of summary judgment," which the Federal Circuit has held to be "improper" in a case where the

8

plaintiff attempted to amend infringement claims after the disposition of summary judgment motions. *See Parallel Networks, LLC v. Abercrombie & Fitch Co.*, 704 F.3d 958, 971 (Fed. Cir. 2013). The Federal Circuit further held that "the district court's claim construction was not an intervening change in the law." *Id.* ("Parallel chose to pursue a theory that allowed it to accuse a larger number of defendants. Having lost, Parallel may not now initiate what would amount to a completely new infringement proceeding."). As in *Parallel Networks, LLC v. Abercrombie & Fitch Co.*, here, Wonderland "has no good explanation for its failure to bring its new infringement contentions earlier and thus has brought any perceived prejudice on itself." *See id.*

Wonderland's new contentions concerning the gear and linkage are also prejudicial because Thorley has filed numerous declarations by several witnesses under penalty of perjury that the gear and linkage cause the up-and-down motion of the double scissor mechanism. Thorley's witness, Frederick K. Hopke,[5] for instance, stated that the "[m]ovement of the crank and link cause the double scissor mechanism to move between the raised and lowered positions." (Docket No. 107-5 at 5). He describes "two images showing the platform in its upper-most (raised) position and in its lower-most (lowered) position caused by operation of the motor and gearing." *Id.* Similarly, Thorley's expert, William W. Clark,[6] filed an expert report setting forth his opinion that "the platform no longer moves up and down" when the "link (normally attached to the crank) [is] removed." (Docket No. 107-4 at 8). Dr. Clark's analysis, therefore, leads to the inference that the link and crank cause the up-and-down motion of the platform. *Id.* This prejudice is difficult to cure, moreover, because Thorley has consistently argued throughout its filings on summary judgment that the double scissor mechanism does not cause the up-and-down

---

[5] Mr. Hopke is Director of Engineering at Thorley. Hopke Decl. at ¶ 1, (Docket No. 107-5 at 2). For more details concerning his declaration filed with the Court, see the Court's Memorandum Opinion at Docket No. 157.
[6] Dr. Clark is a Professor of Mechanical Engineering and Materials Science in the Swanson School of Engineering at the University of Pittsburgh. Clark Rep. at 3, (Docket No. 138-1 at 4). Relative to his opinion, see the Court's Memorandum Opinion at Docket No. 157.

9

motion of the second motion mechanism because it is the gearing and linkage, along with the motor, that causes this up-and-down motion. (Docket No. 122 at 16). Far from being a "minor clarification," like the coil spring that Wonderland raised during its briefing on summary judgment, (Docket No. 197 at 12), Wonderland's new arguments are much more akin to a "wholesale change in position"; they are no different from the arguments presented by opposing counsel throughout Thorley's own filings on summary judgment. (Docket No. 122 at 16).

Furthermore, the admission of Wonderland's Supplemental Expert Report would be disruptive to the orderly and efficient trial of this case because (1) Thorley would seek leave to supplement its own expert report, and (2) expert discovery would need to be reopened to allow the late stage depositions of several expert witnesses. (Docket No. 177 at 4-5). Relative to Wonderland's offer to make Mr. Drobinski available for a supplemental deposition, the Court finds that: (1) expert discovery closed more than six months prior to the date of Mr. Drobinski's Supplemental Expert Report; (2) the Supplemental Expert Report could precipitate additional *Daubert* hearings; (3) this case is now on the eve of trial, with jury selection less than ten days away; (4) the Court had set aside two full weeks for trial in its calendar, more than one year in advance of the January 27, 2013 trial date, (Docket No. 61); and (5) jurors have been summoned.

Therefore, even though based on the present record it appears that no bad faith or willfulness is attributable to Wonderland, the Court finds that the prejudice against Thorley, Thorley's inability to cure that prejudice, and the extent to which the Amended Infringement Contentions and the Supplemental Expert Report would disrupt the orderly and efficient trial of the case, are all factors which weigh, on balance, in favor of exclusion of Wonderland's Supplemental Expert Report. Consistent with the Court's finding, "[a] movant's right to amend in good faith is far outweighed by its (and the court's) countervailing duty to avoid prejudicing

[non-movant] through eleventh hour alterations." *See Sightsound Techs., LLC*, 2013 WL 203537, at *2 (internal quotation marks omitted) (alterations in original).

As a final note, the sanction in this case may be extreme, but the fact remains that Wonderland violated the Court's Scheduling Order by failing to raise all of its infringement contentions at the proper time. *See St. Clair Intell. Prop. Consultants, Inc.*, 2012 WL 1015993, at *7 ("Although the sanction here is, nonetheless, extreme, the fact remains that [plaintiff] violated the Scheduling Orders when it failed to raise all of its infringement contentions at the appropriate time"). The Third Circuit has further "upheld the exclusion of expert witnesses as an appropriate sanction for a party's violation of a discovery order or some other pre-trial order." *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990). Here, Wonderland could have sought leave to amend its Infringement Contentions and supplement its expert report as early as April 15, 2013, when Thorley argued that the double scissor mechanism does not cause the up-and-down motion because the "[m]ovement of the platform between the upper-most (raised) position and lower-most (lowered) position occurs when the motor causes the gearing to rotate, which rotates the crank, causing the link to also rotate." (Docket No. 76 at 14-15). This sanction is also mitigated by the fact that Mr. Drobinski may still testify with regard to his opinions disclosed in his original Expert Report, dated March 15, 2013. (Docket No. 124-7).

### III. CONCLUSION

For the aforementioned reasons,

IT IS HEREBY ORDERED that Thorley's Motion to Exclude Wonderland's Amended Infringement Contentions and Supplemental Expert Report is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall not make arguments to the jury based on its Amended Infringement Contentions.

IT IS FURTHER ORDERED that Mr. Drobinski's expert testimony shall be limited to his opinion disclosed in his Expert Report dated March 15, 2013.

IT IS FINALLY ORDERED that to the extent that the parties reach agreement as to Claim 12, any stipulation shall be filed of record by January 21, 2014 at 9:00 AM.

<u>/s Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge

Date:  January 17, 2014
cc/ecf:  All counsel of record