# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, <br><br> Defendant. | Civil Action No. 12-196 <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

This patent infringement action by Wonderland NurseryGoods Co., Ltd. ("Wonderland") against Defendant Thorley Industries, LLC, d/b/a 4Moms ("Thorley") is set to commence jury selection and trial on January 27, 2014. Wonderland has filed several motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial. Presently pending before the Court is Wonderland's Motion in Limine No. 2 to Exclude Patents Granted to Thorley. (Docket No. 180). Wonderland argues that the patents granted to Thorley are irrelevant to infringement, and Wonderland does not rely on willful infringement or the doctrine of equivalents (Docket No. 181). Thorley opposes Wonderland's Motion, arguing that these patents are relevant in calculating damages, and that Wonderland has opened the door to the admission of Thorley's granted patents by introducing evidence of Thorley's published patent applications. (Docket No. 195 at 2-4). The Court heard argument on said Motion during the Final Pretrial Conference on January 21, 2014. (Docket No. 205). Upon consideration of the parties' filings with the Court, their arguments at the Final Pretrial Conference, and for the following reasons, Wonderland's Motion [180] is DENIED.

1

Wonderland filed this complaint against Thorley for infringement of U.S. Patent No. 8,047,609 (the "'609 Patent") by the accused mamaRoo device on February 12, 2012.[1] (Docket No. 1). The '609 Patent is directed at "infant rocking chairs," with "a driving device for driving a seat body of an infant rocking chair to move back and forth as well as up and down." *See* '609 Patent col. 1 ll.15-19, (Docket No. 1-2 at 19). The accused mamaRoo is an infant rocking chair "designed to hold an infant" that "moves and sways back and forth." (Docket No. 123 at 2-3).

Wonderland seeks to exclude evidence regarding Thorley's patents Nos. 8,197,005B2 (the "'005 Patent"), 8,239,984B2 (the "'984 Patent"), D645,264S (the "'264 Patent"), and D655,113S (the "'113 Patent"). (Docket No. 173 at 2). The '005 Patent, titled "Infant Care Apparatus," was filed on September 2, 2009 and granted on June 12, 2012. (Defense Exhibit D-38). The '984 Patent, titled "Variable Motion Infant Seat Utilizing Constant Motor Speed," was filed on September 2, 2009 and granted on August 14, 2012. (Defense Exhibit D-40). Both of these patents were invented by Frederick Karl Hopke, Henry F. Thorne, Mary J. Koes, and Robert D. Daley. (Defense Exhibits D-38, D-40). The '264 Patent, also titled "Infant Care Apparatus," was filed on September 2, 2009 and granted on September 20, 2011. (Defense Exhibit D-41). The '113 Patent, titled "Arcuate Seat Support Tube for an Infant Care Apparatus," was filed on August 17, 2011 and granted on March 6, 2012 (Defense Exhibit D-42). These two patents were invented by Elijah M. Wiegmann, Frederick Karl Hopke, and Robert D. Daley. (Defense Exhibits D-41, D-42). All four patents have been assigned to Thorley Industries, LLC. (Defense Exhibits D-38, D-40, D-41, D-42).

Pursuant to Federal Rule of Evidence 401, district courts are instructed generally to admit all evidence having "any tendency" to make the existence of a material fact "more probable or

---

[1] The Court limits its discussion to the facts necessary to resolve the present Motion. For a more robust discussion of the facts of this case, see the Court's Memorandum Opinion at Docket No. 157, *Wonderland NurseryGoods Co., Ltd. v. Thorley Indus., LLC*, Civ. No. 12-196, 2013 WL 6731899 (W.D. Pa. Dec. 19, 2013).

less probable than it would be without the evidence." FED. R. EVID. 401;[2] *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403;[3] *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.,* 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

Here, the Court agrees with Thorley that the evidence regarding the four patents issued to Thorley are relevant in the calculation of an appropriate reasonable royalty, and to the extent that Wonderland introduces evidence of Thorley's published patent applications, Wonderland also opens the door to the admission in evidence of the granted patents. The Court finds that it is unfairly prejudicial to Thorley to admit the published patent applications without admitting the corresponding granted patents because it suggests to the jury that Thorley did not receive patents for its research and work in attempting to patent features of the accused mamaRoo device.

As for damages, Wonderland seeks a reasonable royalty based on the fifteen Georgia-Pacific factors. *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971). Georgia-Pacific Factor Number 13 sets forth "[t]he portion of

---

[2] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401.
[3] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer." *Id.* Here, Thorley's four aforementioned patents are relevant to "improvements added by the infringer" in creating the accused mamaRoo device. Thorley's expert, Mark Gleason, expects to provide testimony on damages and a reasonable royalty. (Docket No. 185). At oral argument, (Docket No. 205), Thorley's counsel indicated to the Court that in his expert report, Mr. Gleason relied on Georgia-Pacific Factor Number 13 in using Thorley's granted patents as part of his calculation of a reasonable royalty. Wonderland, however, did not file a *Daubert* motion, nor did it move to exclude Mr. Gleason's testimony. Instead, Wonderland advances its position with the present motion.

In sum, the Court finds that Thorley's patents have the tendency to reduce confusion of the jury concerning whether the mamaRoo contains patentable innovations in light of the admission in evidence of Thorley's published patent applications, and would also have the tendency to make miscalculation of alleged damages, "more probable than it would be without such evidence." FED. R. EVID. 401. Although the Court briefly considered bifurcating this trial to separate issues of liability and damages, upon further consideration, the Court finds that bifurcation is not warranted given that neither party proposed bifurcation to the Court, the anticipated length of the trial, and the late stage of this case with less than three business days before jury selection is set to commence. The Court also finds that any danger of unfair prejudice or confusion to the jury relating to Thorley's granted patents can be avoided by providing a limiting instruction to the jury.

The Court previously considered a very similar issue in *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civ. No. 09-290, 2013 WL 5332108, *36 n.75 (W.D. Pa. Sept. 23,

2013), in which the defendant's patents were admitted in evidence because they had the tendency to reduce confusion of the jury on "copying/willfulness, the non-infringement defense, the lack of written description and enablement defense, and calculation of alleged damages by a reasonable royalty analysis." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civ. No. 09-290, 2012 WL 5416440, *2 (W.D. Pa. Nov. 2, 2012). In that case, the Court "reminded the jury throughout the trial that owning one or more patents in and of itself is not a defense against the charge of infringement." *Carnegie Mellon Univ.*, 2013 WL 5332108, *36 n.75. To that end, the Court used the following limiting instruction based on the parties' submissions to the Court:

> You have heard testimony about Marvell and whether Marvell does or does not own a patent. Marvell may claim that some of its patents cover some of the accused chips or simulators in this case. It may also claim that it improved on the CMU patents. While this evidence may be relevant to some issues you will decide, owning one or more patents in and of itself is not a defense against the charges of infringement of the CMU patents.

*Id.* Similarly, here, the Court finds that any confusion or prejudice that may result from the admission of Thorley's granted patents in evidence can be cured by a limiting instruction.

Therefore, Wonderland's motion [180], is DENIED and,

IT IS HEREBY ORDERED that Counsel for the parties shall provide a joint limiting instruction relating to Thorley's patents on or before **January 24, 2014 at 12:00 PM.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: January 22, 2014
cc/ecf: All counsel of record.

5