**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-196 |
| vs. | ) | Judge Nora Barry Fischer |
| | ) | |
| THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This patent infringement action by Wonderland NurseryGoods Co., Ltd. ("Wonderland") against Defendant Thorley Industries, LLC, d/b/a 4Moms ("Thorley") is set to commence jury selection and trial on January 27, 2014. Wonderland has filed several motions in limine seeking pretrial rulings on the admissibility of certain evidence at trial. Presently pending before the Court is Wonderland's Motion in Limine No. 3 to Exclude Other Litigation and Disputes. (Docket No. 182). Wonderland argues that "the existence of other litigation and disputes" is "distracting, time consuming, and most importantly irrelevant to the issues in this case." (Docket No. 183 at 2). Thorley opposes Wonderland's Motion, arguing that this evidence should be admissible based on the testimony that Wonderland may introduce concerning Thorley's knowledge of the Wonderland's patent. (Docket No. 196 at 1). The Court heard argument on said Motion during the Final Pretrial Conference on January 21, 2014. (Docket No. 205). Upon consideration of the parties' filings with the Court, their arguments at the Final Pretrial Conference, Mr. Daley's and Mr. Hopke's deposition transcripts, and for the following reasons, Wonderland's Motion [182] is GRANTED.

Wonderland filed this complaint against Thorley for infringement of U.S. Patent No. 8,047,609 (the "'609 Patent") by the accused mamaRoo device on February 12, 2012.[1] (Docket No. 1). The '609 Patent is directed at "infant rocking chairs," with "a driving device for driving a seat body of an infant rocking chair to move back and forth as well as up and down." *See* '609 Patent col. 1 ll.15-19, (Docket No. 1-2 at 19). The accused mamaRoo is an infant rocking chair "designed to hold an infant" that "moves and sways back and forth." (Docket No. 123 at 2-3).

Wonderland seeks to exclude references to another dispute in the U.S. District Court for the Western District of Pennsylvania, at Civil Action Number 13-387 before Judge Mark Hornak. (Docket No. 183 at 2). It also seeks to exclude testimony from Robert Daley, CEO of Thorley, of his belief that Wonderland is "being overly and 'frivilously' [sic] aggressive in its dealings with Thorley." *Id.* Wonderland asserts that admitting evidence of other litigation and disputes would require "lengthy explanations of the merits of those proceedings." *Id.* Thorley, however, contends that evidence of other litigation and disputes is relevant to the issue of any knowledge by Thorley of the '609 Patent that Wonderland may introduce. (Docket No. 196 at 1).

Pursuant to Federal Rule of Evidence 401, district courts are instructed generally to admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401;[2] *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high

---

[1] The Court limits its discussion to the facts necessary to resolve the present Motion. For a more robust discussion of the facts of this case, see the Court's Memorandum Opinion at Docket No. 157, *Wonderland NurseryGoods Co., Ltd. v. Thorley Indus., LLC*, Civ. No. 12-196, 2013 WL 6731899 (W.D. Pa. Dec. 19, 2013).
[2] "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401.

standard."). Further, a district court may reject the evidence only if the probative value of the evidence is substantially outweighed by its tendency to prejudice a party or cause delay at trial. FED. R. EVID. 403; *Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.,* 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules."). Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

Here, the Court finds that the probative value of the existence of other litigation and disputes is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay, all of which would be in opposition to Rule 1. Under Rule 1, "all civil actions and proceedings in the United States District Courts … should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. With respect to the case before Judge Hornak, that case was filed in March 2013, asserts infringement of a different patent, i.e., U.S. Patent No. RE43,919, and involves a different accused device, i.e., the BREEZE$^{TM}$ foldable child enclosure. (Civil Action 13-387, Docket No. 1 at 1-2). Based on the documents the Court has received from the parties, the case before Judge Hornak is not relevant to the issue of Thorley's knowledge of the '609 Patent prior to Wonderland's filing of the instant case in February 2012. (Docket No. 1). To the Court's knowledge, no fines have been assessed against Wonderland, nor has it been sanctioned for its conduct. The Court understands that Wonderland and Thorley are competitors and that it is not unusual to have other litigations. But even though it is not unusual, the Court

finds that the probative value of the existence of other litigation is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay.

As for the litigation in Germany, even though it began prior to the filing of the complaint in the instant case, that case also involved the BREEZE product and a different Wonderland patent. (Docket No. 196 at 2). Accordingly, any tangential probative value derived from the evidence of the German litigation is substantially outweighed by the danger of jury confusion and a mini-trial on the merits of the German litigation. *See* Fed. R. Evid. 403. Not only would it be necessary to instruct the jury that the litigation in Germany did not concern the '609 Patent or the accused mamaRoo product, but it would also be necessary to explain why such litigation was relevant and why it was happening in Germany as opposed to within the United States.

To the extent that Wonderland intends to question Mr. Daley[3] as to Thorley's knowledge, of the '609 Patent, the Court further finds the same to be not relevant to the issue of infringement of the patent. *See* 35 U.S.C. § 271(a) (providing that "whoever without authority makes, uses, offers to sell, or sells any patented invention … infringes the patent"). As both parties have acknowledged, Wonderland does not seek a finding of willful infringement, in which knowledge of the '609 Patent prior to the lawsuit could become relevant. (Docket Nos. 181, 195, 205).

Rather, at oral argument, counsel for Wonderland stated that he intends to call Mr. Daley as a witness because Mr. Daley is a named inventor on Thorley's published patent application, and Mr. Hopke[4] has become unavailable to testify concerning the patent application. (Docket No. 205). To that end, Plaintiff can cross-examine Mr. Daley on the facts contained within the patent application given that Mr. Daley signed the published patent application as a named

---

[3] Robert Daley is the CEO and co-founder of Thorley Industries, LLC. (Docket No. 185 at 1). He is a named inventor on several Thorley patents, including four patents that were the subject of Wonderland's Motion in Limine #2 concerning Patents Granted to Thorley. (Docket No. 180).

[4] Mr. Hopke is the Director of Engineering at Thorley. For more details concerning his declaration filed with the Court, see the Court's Memorandum Opinion at Docket No. 157.

inventor. *See id.* However, Mr. Daley is not qualified as an expert in this case, and cannot provide an opinion as to infringement. *See id.* Nor should Mr. Daley entertain asides concerning any other litigation between his company and Wonderland.

Therefore, Wonderland's Motion [182], is GRANTED and,

IT IS HEREBY ORDERED that neither Wonderland nor Thorley and their respective counsel shall make reference to any other litigation or disputes between them during the trial.

IT IS FURTHER ORDERED that both parties through counsel shall notify their respective witnesses that they should not make reference to any other litigation or disputes during trial.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   January 22, 2014
cc/ecf: All counsel of record.