IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WONDERLAND NURSERYGOODS CO., LTD., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Civil Action No. 12-196 |
|  | ) | Judge Nora Barry Fischer |
| vs. | ) |  |
|  | ) |  |
| THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

AND NOW, this 23rd day of January, 2014, upon consideration of Plaintiff's List of Trial Witnesses, (Docket No. [169]), Defendant's Objections, (Docket No. [174]), the parties' arguments presented at the Final Pretrial Conference, (Docket No. [205]), and e-mail communications from counsel,

IT IS HEREBY ORDERED that Mr. Brad Bickley shall be excluded from testifying in Plaintiff's case in chief, as Mr. Bickley was not properly disclosed under Federal Rule of Civil Procedure 26(a)(1)(A), which requires each party to disclose "without awaiting a discovery request … (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Under *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, the Third Circuit held that "[i]n ruling on motion to call witness not previously identified, [the] district court should consider prejudice or surprise to opposing party, ability of party to cure prejudice, likelihood of disruption, and [the] moving party's bad faith or unwillingness to comply." 60 F.3d 153, 156 (3d Cir. 1995) (internal quotation marks omitted). "Thus, the rule does not leave

1

district courts without discretion." *Id.* The Third Circuit further held in *Newman* that the district court did not abuse its discretion in refusing to exclude the testimony of the allegedly undisclosed witnesses because "there [wa]s no reason to believe that [defendant] acted in bad faith; and the court found that [plaintiff] knew the names of [defendant's] witnesses and the scope of their relevant knowledge well before trial." *Id.* Here, the Court finds that Plaintiff should have disclosed Mr. Bickley much earlier in this litigation under Rule 26, if Plaintiff intended to call him as a witness for its prima facie case. Plaintiff set forth in its proffer that Mr. Bickley would testify as follows:

> Mr. Bickley will generally describe the nature of Wonderland's business and who its customers are. He will describe how Wonderland operates as a company in general terms. He will describe the people involved in the development of new products, and will give an update on the efforts that Wonderland has been making to design baby soothers of the kind that are in the "alternative motion" category - like those that are made in accordance with the patent-in-suit (i.e., US 8,047,609). If necessary, he will authenticate a license agreement (WL 002728-2733), which is the only royalty-bearing license that Wonderland has ever granted, and he will explain the circumstances under which that license was granted. Mr. Bickley will also authenticate the sales and profit data for products that Wonderland makes that compete with the accused mamaRoo device (namely the SweetPeace and Sweet Snuggle soothers).

(Docket No. 169).

To the extent that Plaintiff's counsel may have first discovered the involvement of Mr. Bickley during Mr. Huang's deposition, taken on December 19, 2012, Plaintiff remained under a continuing obligation to supplement its initial disclosures under Rule 26(e). *See* FED. R. CIV. P. 26(e) ("A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect

2

the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). In *Bowers v. Nat'l Collegiate Athletic Ass'n*, the Third Circuit "recognize[d] that modern discovery rules, particularly Rules 26 and 37, were enacted to prevent civil trials in the federal courts from being 'carried on in the dark.' … However, we agree with [plaintiff] that the duty of supplementation under Rule 26(e)(2) 'does not require that a party volunteer information that was not encompassed within the scope of an earlier discovery request.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 540 (3d Cir. 2007) (internal citations omitted). Here, however, Plaintiff did not disclose Mr. Bickley until Plaintiff's pretrial filing until December 27, 2013, (Docket No. 168), close to one year after the close of discovery on December 31, 2012, (Docket No. 56).

IT IS FURTHER ORDERED that to the extent Plaintiff seeks to call Mr. Bickley as a rebuttal witness, Plaintiff may do so, given that there does not seem to be controlling case law on whether rebuttal witnesses must be disclosed under Rule 26(a) before being allowed to testify in rebuttal. *See Doe ex rel. Doe v. Lower Merion School Dist.*, 665 F.3d 524, 558 (3d. Cir. 2011) (holding that the district court did not abuse its discretion in denying a motion to exclude testimony from two witnesses that were not disclosed until plaintiff filed its pretrial memorandum because Plaintiff did not learn about the witnesses until the day before pretrial memorandums were due and the witnesses' testimony was "within the scope of proper rebuttal"); *Muldrow v. Brooks*, 34 F. App'x 854, 855 (3d. Cir. 2002) (holding that the district court did not abuse its discretion in excluding testimony from a witness that plaintiff failed to identify before the close of discovery); *Schneider v. Protestant Memorial Medical Center, Inc.*, Civ. No. 08-544, 2010 WL 915476, *4 (S.D. Ill. Mar. 11, 2010) (granting defendant's motion to strike an affidavit

from an undisclosed plaintiff witness because the undisclosed witness could not be a rebuttal witness when he was used by the plaintiff to prove part of the plaintiff's prima facie case). "Rebuttal evidence is properly admissible when it will 'explain, repel, counteract or disprove the evidence of the adverse party.'" *Finizie v. Principi*, 69 F. App'x 571, 574 (3d Cir. 2003) (quoting *United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir.1974)).

Here, the Court does not attribute to the Plaintiff any bad faith or unwillingness to comply. However, given that Plaintiff's proffer contained within its Pretrial Statement, *see supra*, (Docket No. 169), and e-mail communications to the Court,[1] suggest that Mr. Bickley would testify on issues falling within Plaintiff's prima facie case, Plaintiff shall file a written proffer concerning the nature of any anticipated rebuttal testimony from Mr. Bickley, *see Chrzanowski*, 502 F.2d at 576 (defining rebuttal evidence), prior to his taking the stand. *See Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (holding that the trial judge did not abuse his discretion when he denied defendant's motion to add undisclosed witnesses at trial because "[t]he proposed [witness] testimony was part of [defendant's] primary line of defense—that [plaintiff] was selected for termination because of his poor relationships with [defendant's] customers"). Plaintiff shall also make Mr. Bickley available for a deposition either prior to or during the course of trial and shall bear the costs of any such deposition. *See* FED. R. CIV. P. 37(C)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Newman*, 60 F.3d at 156 ("[T]he imposition of sanctions for abuse of discovery under FED. R.

---

[1] Given that counsel for the Plaintiff indicated during oral argument at the Final Pretrial Conference, (Docket No. 205), that Mr. Bickley was withdrawn, but could be called as a rebuttal witness, (Final Pretrial Conference Tr. at 70), the Court followed-up with counsel for both parties via e-mail to determine if Mr. Bickley would still be called as a witness.

4

CIV. P. 37 is a matter within the discretion of the trial court."). Any prejudice to Defendant can be cured by such a proffer and Mr. Bickley's deposition.[2] *See Newman*, 60 F.3d at 156.

Accordingly, IT IS FURTHER ORDERED that to the extent that Plaintiff intends to call Mr. Bickley as a rebuttal witness, Plaintiff shall file its written proffer concerning Mr. Bickley's proposed rebuttal testimony by no later than **Thursday, January 30, 2014 at 12:00 PM**.

AND, IT IS FINALLY ORDERED that Plaintiff shall make Mr. Bickley available for a deposition prior to or during the course of trial before Plaintiff presents its rebuttal case, with the costs to be borne by the Plaintiff.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

---

[2] The Court believes that Defendant's trial team should have sufficient staff to take the deposition of Mr. Bickley either prior to or during trial.