# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, <br><br> Defendant. | Civil Action No. 12-196 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

AND NOW, this 31st day of January, 2014, upon consideration of the parties' positions at the Final Pretrial Conference, (Docket No. [205]), concerning the Proposed Jury Verdict Slip,[1] Plaintiff's Memorandum in Support of its Position on Special Interrogatories, (Docket No. [212]), and Defendant's Response, (Docket No. [223]),[2]

IT IS HEREBY ORDERED that Plaintiff's objections to the Court's Proposed Verdict Slip, (Appendix A), are OVERRULED, as Plaintiff has cited no cases in which a court has adopted a verdict slip with the level of detail proposed by the Plaintiff in this case. (Docket No. 212). Defendant has further proffered four recent jury verdicts from this Court, in which the judge adopted a jury verdict form consistent with the Proposed Jury Verdict Slip. *See infra*.

"District courts have broad authority and discretion in controlling the conduct of a trial. That authority extends to the form by which juries return verdicts." *R.R. Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1515 (Fed. Cir. 1984). "The theoretical distinction between general and special verdicts is that general verdicts require the jury to apply the law to facts, and

---
[1] The Proposed Jury Verdict Slip is attached as Appendix A to this Memorandum Order.
[2] Although the Court has stayed the trial in this case, (Docket No. 229), the Court's pretrial rulings still remain in effect in the event that this case proceeds to trial, after the final results of the reexamination proceedings at the PTO become available. To that end, the Court issues this ruling concerning Plaintiff's objections to the Proposed Jury Verdict Slip in preparation for possible trial in this case.

therefore require legal instruction, whereas special verdicts compel the jury to focus exclusively on its fact finding role." *Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1328-29 (Fed. Cir. 2013) (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 9B FEDERAL PRACTICE AND PROCEDURE § 2503 n. 1 (3d ed.2008)). "Under the special verdict, the jury finds the facts while the court applies the law, and it is typically unnecessary to even instruct the jury on the law." *Id.* at 1329. "The special verdict is thought to bring the jury determination into the open, so that all can see what has been done." *Id.* In a general verdict, by contrast, the "jury announces only the prevailing party on a particular claim, and may announce damages." *Id.* "[T]he general verdict accompanied by special interrogatories gives the jury an opportunity to express itself broadly through the general verdict—the historic medium—while at the same time turning the jury's attention to important issues that should be resolved by responding to particular questions before a general verdict is reached." *Id.*

Here, the Court finds that the Proposed Verdict Slip, (Appendix A), is a general verdict because "it is a legal question resting on underlying factual questions." *See id.* at 1329. Even though the eleven questions on the Proposed Verdict Slip may resemble "interrogatories," they are not a special verdict, but a general verdict because they are "designed to elicit" an eleven-part verdict. *See R.R. Dynamics, Inc.*, 727 F.2d at 1516 ("Though labeled as 'interrogatories,' the ten questions put to the jury were designed to elicit, and were treated by all concerned as having elicited, a ten-part verdict."). "Interrogatories, as such, are best employed in seeking answers to factual questions, the answers to which lead to or require a legal conclusion." *Id.* at 1515.

As in *Railroad Dynamics, Inc. v. A. Stucki Co.*, here, each question in the Proposed Verdict Slip "sets forth a standard of proof ('proved by clear and convincing evidence') in relation to a legal conclusion ('invalid on the ground of obviousness')." *See id.* The jury's

responses to these questions are not special verdicts because they are not "written findings upon each issue of fact." *See id.* at 1516. In *Railroad Dynamics*, the Federal Circuit further held:

> [W]hen a jury returns a general verdict, the law presumes the existence of fact findings implied from the jury's having reached that verdict. That the jury must make certain findings before it can reach its verdict is, as it was here, made clear in the instructions on the law given the jury. The general verdict thus includes the jury's legal conclusion and a set of implied fact findings, the latter being those necessary to support the legal conclusion encompassed in the verdict.
>
> When, as here, the judge is presented with a motion for JNOV or for new trial and determines whether there is sufficient evidence of record to support the jury's implied findings, that is not role reversal. On the contrary, it is serving precisely the role of the judge under long established procedural rules.

*Id.* at 1516. The Court therefore finds that the Proposed Verdict Slip in this case is a general verdict, and it is not necessary to submit even more detailed interrogatories to the jury for the Court to evaluate any post-trial motions or to decide if there is "sufficient evidence of record to support the jury's implied findings." *See id.* at 1516-17 ("Failure to submit detailed fact interrogatories will not in every case result in the need for a new trial.").

Certainly, it is true that the Federal Circuit in *Railroad Dynamics* "strongly recommended" detailed fact interrogatories "as an appropriate means of guiding a jury, increasing the reliability of its verdict, and facilitating the judicial role following a jury trial." *Id.* at 1517. However, the Federal Circuit also instructed that "[i]t would be impossible for lay juries to determine whether a claim is anticipated or infringed without some legal instruction, as evidenced by our ample case law addressing the correctness of jury instructions." *Function Media, L.L.C.*, 708 F.3d at 1330. Consistent with the aforementioned reasoning, the Federal Circuit held that the "submission of general interrogatories (instead of specific interrogatories)" was not error. *See R.R. Dynamics, Inc.*, 727 F.2d at 1515 (reviewing and affirming the district

3

court's jury verdict slip that asked: "Do you find that the plaintiff has proved by clear and convincing evidence that United States Patent No. 3,837,292 is invalid on the ground of obviousness?"); *see also Function Media, L.L.C.*, 708 F.3d at 1329 (reviewing and affirming the district court's jury verdict slip that asked: "Do you find that Google has proven, by clear and convincing evidence, that any of the following claims of the '025 patent are invalid for the following reasons? [Yes or No?] A. Because it was anticipated by the prior art?").

Accordingly, Federal Circuit law "does not compel the use of special verdicts in these cases." *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1356 (Fed. Cir. 2001). Rather than "elide the vagaries of a black box jury verdict by overriding the jury's decision," the Court must "respect the verdict reached, notwithstanding what may seem to some to be an invention of little novelty." *Id.* Providing extremely detailed interrogatories may be not only confusing to the jury, but it could also invade the role of the jury to deliberate in secret. *See Yeager v. United States*, 557 U.S. 110, 122 (2009) ("A contrary conclusion would require speculation into what transpired in the jury room. Courts properly avoid such explorations into the jury's sovereign space, and for good reason. The jury's deliberations are secret and not subject to outside examination." (internal quotation marks and alternations omitted)); *United States v. Olano*, 507 U.S. 725, 737-38 (1993) ("Although the presence of alternate jurors does contravene the cardinal principle that the deliberations of the jury shall remain private and secret, the primary if not exclusive purpose of jury privacy and secrecy is to protect the jury's deliberations from improper influence." (internal quotation marks and alternations omitted)); *United States v. Powell*, 469 U.S. 57, 67 (1984) ("[A] criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts.

Sufficiency-of-the evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt.").

The Court further finds that the Proposed Verdict Slip, (Appendix A), is consistent with this Court's handling of prior patent cases. *See, e.g.*, *Grant Street Grp., Inc. v. Realauction.com, LLC*, Civ. No. 09-1407 (W.D. Pa. June 17, 2013) (Docket No. 652) (Verdict Form providing separate interrogatories for the written description requirement in question 4, but combining the interrogatories for anticipation and obviousness in question 5); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civ. No. 09-290 (W.D. Pa. Dec. 26, 2012) (Docket No. 762) (Verdict Form providing separate interrogatories for anticipation and obviousness in questions 16-17); *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, Civ. No. 08-1307 (W.D. Pa. Apr. 18, 2012) (Docket No. 853) (Verdict Form providing separate interrogatories for anticipation, obviousness and enablement in questions 1-3); *Emcore Corp. v. Optimum Corp.*, Civ. No. 07-326 (W.D. Pa. Nov. 2, 2009) (Docket No. 270) (Verdict Form providing separate interrogatories for anticipation and obviousness in questions 3-7). In each of the above cases, the Court submitted to the jury an interrogatory requesting whether the accused infringer has proven by clear and convincing evidence that a claim of the patent at issue was invalid. Three cases provided separate interrogatories for anticipation and obviousness and one case combined the interrogatory for anticipation and obviousness. None of these cases provided separate interrogatories for the individual factual inquiries[3] underlying the conclusion of obviousness.

For these reasons, Plaintiff's objections to the Proposed Jury Verdict Slip are overruled.

---

[3] "When faced with a general verdict of nonobviousness or obviousness, the categories of facts the court must imply concern the scope and content of prior art; what a prior art reference teaches; the differences between the claimed invention and the prior art; the level of ordinary skill in the prior art; and objective evidence of nonobviousness." *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1359 (Fed. Cir. 2001).

IT IS FURTHER ORDERED that all other provisions of the Court's previously entered Pretrial Order, dated January 16, 2013, (Docket No. [63]), and this Court's subsequent pretrial rulings, shall remain in effect.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record