IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WONDERLAND NURSERYGOODS CO., LTD., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Civil Action No. 12-196 |
|  | ) | Judge Nora Barry Fischer |
| vs. | ) |  |
|  | ) |  |
| THORLEY INDUSTRIES, LLC, *d/b/a* 4MOMS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM ORDER

Pending before the Court is the Plaintiff's "Motion for Certification Under 28 U.S.C. 1292(b)." (Docket No. 260). Upon consideration of the parties' briefs, (Docket Nos. 261, 263), the Court's order regarding supplemental briefing, (Docket No. 264), and said supplemental briefing, filed on September 22, 2014, (Docket Nos. 265, 266), for the following reasons, the Motion [260] is DENIED.

### I. Introduction[1]

The pending motion arises in the wake of the Court's order denying determination under Rule 54(b) and ordering that the motion be re-filed as one seeking certification under 28 U.S.C. § 1292(b). (Docket No. 259). Pursuant to that order, Plaintiff seeks certification of the Court's construction of claims 1–3 and 12–14 of U.S. Patent No. 8,047,609 ("the '609 patent"), (Docket No. 59) and the Court's order to stay the case pending appeal of the reexamination of the '609 patent, (Docket No. 234). Specifically, Plaintiff seeks certification of the following questions:[2]

---

[1] Familiarity with the general factual and procedural background of this case is presumed. (*See* Docket Nos. 58, 157).

[2] Each question will hereinafter be referenced by the following number, as "Question(s) 1–5."

1

1. Did the district court err in construing the term "crank" to mean: "an arm attached at a right angle to a shaft which turns about the axis of the shaft?"
2. Did the district court err in construing the term "connected fixedly" to mean: "separate pieces joined or linked securely to one another?"
3. Did the district court err as a matter of law in granting summary judgment of non-infringement of claims 12 and 14 based on a construction the term [sic] "first driving mechanism" that necessarily includes a gear and a link, when the claim does not call for such elements?
4. Did the district court err as a matter of law in granting summary judgment of non-infringement of claim 14 based on a construction of the term "guiding elements" that requires a track that is more than a surface by which the wheels are guided vertically?
5. Whether the district court may properly defer to a Patent Office reexamination for the determination of patent validity when the district court and the Patent Office have adopted directly opposite views on a question of claim construction of the same patent, i.e., whether the preamble of a claim is a limitation?

(Docket No. 261 at pp. 2, 4). As the parties addressed Questions 1–4 together and Question 5 separately, the Court will do the same.

## II. Legal Standard

Title 28 U.S.C. § 1292(b) allows for certification of a question for interlocutory appeal if the order at issue "(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance[s] the ultimate termination of the litigation.'" *Katz v. Carte Blanch Corp.*, 496 F.2d 747, 754 (3d Cir. 1973) (quoting 28 U.S.C. § 1292(b)). Even if the moving party satisfies the statutory criteria, the district court "possesses discretion to deny certification of an appeal." *In re Chocolate Confectionary Antitrust Litig.*, 607 F.Supp.2d 701, 708 (M.D. Pa. 2009). However, such discretion should not be exercised when "certification will materially advance the instant matter and bring clarity to a still-developing area of law." *Id.*

In determining whether an order presents a controlling question of law, the Court must look to whether (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) if the question is "serious to the conduct of the litigation either practically or

legally." *Katz*, 496 F.2d at 755. The clearest evidence of "substantial grounds for difference of opinion" is where "there are conflicting interpretations from numerous courts." *Beazer E., Inc. v. Mead Corp.*, No. 91-408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006) (Diamond, J.). And, in terms of determining whether appeal would materially advance the ultimate termination of litigation, courts look to "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties.[3]" *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007).

**III.    Analysis**

   *a. Claim Construction[4] Questions*

In Questions 1–4, Plaintiff generally seeks certification of claim construction issues. (Docket No. 261 at p. 2).

   i.    <u>Controlling Question of Law</u>

Plaintiff argues that, because claim construction is a matter of law, the Court's claim construction ruling itself is a "controlling question of law" as required by § 1292. (Docket No. 261 at pp. 1–2). Defendant contends that, because the constructions Plaintiff challenges are not present in all asserted claims, they do not present a controlling question of law. (Docket No. 263 at p. 2). Defendant's argument on this point cannot prevail.

In determining whether an order presents a controlling question of law, the Court considers whether an incorrect disposition would constitute reversible error if presented on final

---

[3] Discovery in this case has concluded, so this factor is irrelevant.
[4] To the extent Plaintiff argues Questions 3 and 4 are not, in fact, issues of claim construction, the Court disagrees. Additionally, even if Plaintiff's argument is accepted, the Court refuses to exercise its discretion to certify them for interlocutory appeal, since it would create the problem of piecemeal appeals, which this Court finds inappropriate for interlocutory certification. *See Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003); *In re Kelly*, 876 F.2d 14, 15 (3d Cir. 1989).

appeal or if the question is "serious to the conduct of the litigation either practically or legally." *Katz*, 496 F.2d at 755. No doubt, claim construction is a question of law. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1451 (Fed. Cir. 1998) (en banc). The Federal Circuit routinely reverses and remands cases on the basis of the district court's claim construction. *See generally* Brief of Professor Peter S. Menell as Amicus Curiae Supporting Petitioner, *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272 (Fed. Cir. 2014) (No. 12-1014), 2013 WL 3554394 (describing reversal rates on claim construction as "alarming"). Further, to this Court's knowledge, the Federal Circuit has not once rejected a § 1292(b) petition on the ground that claim construction is not a controlling question of law. *See, e.g.*, *Portney v. CIBA Vision Corp.*, 401 F. App'x 526, 529 (Fed. Cir. 2010) (denying § 1292(b) petition of claim construction on discretionary ground). Accordingly, the Court finds that its claim construction order is a controlling issue of law.

      ii.     <u>Substantial Ground for Difference of Opinion</u>

Plaintiff points to no specific substantial grounds for difference of opinion on any of these issues short of quoting various standards and conclusorily stating that its Questions meet those standards. (Docket No. 261 at p. 3).

Finding a substantial ground for difference of opinion does not require the Court question its own ruling.[5] *See APCC Servs., Inc. v. AT & T Corp.*, 297 F.Supp.2d 101, 107 (D.D.C. 2003). The clearest evidence of "substantial grounds for difference of opinion" is where "there are conflicting interpretations from numerous courts." *Beazer E., Inc.*, No. 91-408, 2006 WL 2927627, at *2. In this case, there have been different decisions on the same contested issue by two different adjudicative bodies: this Court and the United States Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB"), in the parties' Inter Partes

---
[5] And, indeed, the Court does not second guess its currently-challenged rulings.

Reexamination[6] ("IPR"), currently on appeal at the United States Court of Appeals for the Federal Circuit.

There are, however, several important differences between the IPR and this action. First, not all of the claim constructions on which Plaintiff seeks certification were at issue in the IPR.[7] Second, district courts interpret claims using the "ordinary and customary meaning" of the terms, as per the framework of *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc), and its progeny, whereas in PTO proceedings, claims are construed under the "broadest reasonable interpretation" standard. MPEP § 2111 (9th ed. Mar. 2014); *see also Am. Acad. of Sci. Tech. Ctr.*, 367 F.3d 1359, 1364 (Fed. Cir. 2004). Hence, it is not surprising that constructions from IPRs and other PTO proceedings may differ from or, indeed, be diametrically opposed to those of district courts, as is the case here, where, for example, this Court found the preambles limiting, but the PTO did not so find. *Compare* Docket No. 58 at p. 10 *with Thorley Indus. LLC v. Wonderland Nursery Goods Co.*, No. 95/001,871 at p. 5 (Feb. 14, 2013). The Federal Circuit distinguishes between these standards in its review of determinations of the different fora. *Cf. Phillips*, 415 F.3d at 1316–17. While there are "conflicting interpretations from" different adjudicative bodies, *Beazer E., Inc.*, No. 91-408, 2006 WL 2927627, at *2, the interpretations stem from different standards. Thus, the Court does not believe that the instant conflicting determinations actually present the scenario of "conflicting opinions," envisioned under § 1292(b).

      iii.    <u>Material Advancement of Litigation</u>

Beyond insufficient evidence of a substantial ground for a difference of opinion, historically, the Federal Circuit has been reluctant to entertain interlocutory appeals regarding

---

[6] Reexamination Control 95/001,871, Appeal 2014-002821
[7] Specifically, claims 3 and 14 were not part of the reexamination.

claim construction. *Portney*, 401 Fed. Appx. at 529 ("The court has generally refrained from granting § 1292(b) petitions to resolve claim construction disputes, instead leaving such matters to be determined after entry of final judgment."). In fact, to the Court's knowledge, the Federal Circuit has done so only once, in *Regents of Univ. of Cal. v. Dako N. Am., Inc.*, 477 F.3d 1335 (Fed. Cir. 2007).

In *Regents*, the Federal Circuit accepted an interlocutory appeal of claim construction, certified under § 1292(b), because "the district court's claim construction [was] already before [that] court in the pending appeals regarding [a] preliminary injunction motion." 477 F.3d at 1336. Plaintiff claims that this is the same situation as in this case due to the fact that the "IPR" is currently on appeal at the Federal Circuit. (*See* Docket No. 261 at p. 3–4). However, as outlined above, the claim construction currently pending before the Federal Circuit is that of the PTO, *not* the Court. As such, the propriety of this Court's claim constructions should *not* be at issue in the IPR appeal. Further, the Federal Circuit would need to undertake two wholly separate analyses if Plaintiff were to succeed in its quest for interlocutory appeal on Questions 1–4. Thus, this case is unlike the circumstances in *Regents*, where the *district court's* entire certified claim construction was already in front of the Federal Circuit due to the pending preliminary injunction appeal. 477 F.3d at 1336. Although review of this Court's claim construction ruling could materially advance the litigation, it is not before the Federal Circuit. Therefore, even if there were appropriate substantial grounds for difference of opinion as to these Questions, this court would not exercise its discretion to certify these Questions.

    b. *Stay Question*

        i. *Controlling Question of Law*

In Question 5, Plaintiff seeks certification regarding the Court's Order to Stay pending the appeal of the IPR, (Docket No. 234), asking whether it is appropriate for a district court to "defer to a Patent Office reexamination for the determination of patent validity when the district court and the Patent Office have adopted directly opposite views on a question of claim construction of the same patent," (Docket No. 261 at p. 4). In response, Defendant points out that "[t]he Court's decision to enter the stay was entirely within the discretion of the Court," and, therefore, there is no controlling question of law that is appropriately certified under § 1292(b).[8] (Docket No. 263 at p. 3).

After consideration of that viewpoint, the Court ordered supplemental briefing on whether *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2010) raises a qualifying "controlling question of law," on which "there is a substantial ground for difference of opinion." (Docket No. 264). Plaintiff asserted that *Fresenius* deals with finality, not the question on which it seeks certification, which it contends focuses on the different claim constructions of the same patent.[9] (Docket No. 266 at p. 3). Defendant argues that, while it does not constitute a controlling question of law, *Fresenius* actually bolsters its argument that certification is inappropriate. (Docket No. 265 at p. 2). This is so, it argues, because *Fresenius* "made clear that the district court not only **may** defer to a PTO reexamination for a determination of validity, but **must** give deference to a decision of the PTO that has resulted in the cancellation of the claims." (*Id.* (emphasis in original)). Defendant also contends *Fresenius* is not controlling because the Court has broad discretion in entering stay orders.[10]

---

[8] The Court acknowledges its discretion to enter stay orders, but it also notes that Plaintiff's framing of Question 5 is not, *per se*, directed to *that* discretion.
[9] To the extent Plaintiff argues that this question is actually a matter of claim construction, the Court declines to certify it for the same reasons outlined, *supra*.
[10] *See* note 8, *supra*.

7

Initially, the Court notes that it has not deferred to the PTO's construction of the patent-in-suit; it merely stayed the present action pending appeal of the IPR.[11] (Docket No. 234). Additionally, Plaintiff's argument that "*Fresenius* does not deal with the question for which [it] seeks certification," (Docket No. 266 at p. 2), is without merit. Plaintiff's question asks "[w]hether a district court may properly defer to a Patent Office reexamination for the determination of patent validity." (*Id.*). That was *precisely* the issue in *Fresenius*. 721 F.3d at 1336 ("the question in this case is whether, under the reexamination statute, the cancellation of claims by the PTO is binding in pending district court infringement litigation"). Accordingly, because, in this context, this Court would be reversed if it entered an infringement judgment on an invalidated patent, the Court finds that the ruling in *Fresenius* presents a controlling question of law.

ii. Substantial Ground for Difference of Opinion

In *Fresenius*, the Federal Circuit held that a final determination of invalidity through a reexamination proceeding renders a claim invalid *ab initio*. 721 F.3d at 1346. In other words, as Defendant stated, a "district court not only **may** defer to a PTO reexamination for a determination of validity, but **must** give deference to a decision of the PTO that has resulted in the cancellation of the claims." (Docket No. 265 at p. 2 (emphasis in original)). Accordingly, under this Court's interpretation of Plaintiff's Question 5, there is a controlling question of law, but there is no substantial ground for difference of opinion (*i.e.*, if there is a final finding of invalidity through the reexamination process, this Court may not enter a judgment of infringement as to the invalidated claims). To that end, the Court finds certification of Question 5 inappropriate.

---

[11] As anticipated, "stays in the face of reexaminations . . . will become inevitable." *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 733 F.3d 1369, 1381 (Fed. Cir. 2013) (O'Malley, J., dissenting from denial of petition for rehearing en banc).

8

### iii. Material Advancement of Litigation

Beyond the lack of substantial grounds for a difference of opinion as to the controlling question of law, certification of the Court's decision to stay this action pending the Federal Circuit's disposition of the IPR appeal is not likely to materially advance this litigation. *Even if* this Court certified the Question, and *even if* the Federal Circuit exercised its discretionary authority to entertain the Question, the instant action would still remain on hold pending that decision; the timetable would likely remain the same as if the stay remained, unchallenged. Moreover, since this Court is bound by a final determination of invalidity through the reexamination process, *see Fresenius*, 721 F.3d at 1346, certifying Question 5 does nothing to advance this litigation; this Court is bound by the final determination of the IPR, whether or not the stay is appropriate. In other words, the need for or simplification of a trial does not depend on resolution of this question. *See Patrick*, 366 B.R at 387. Accordingly, the Court refuses to certify Question 5 for interlocutory appeal.

## IV. Conclusion

With the foregoing in mind, IT IS HEREBY ORDERED that the Defendant's motion [260] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: October 20th, 2014
cc/ecf: All counsel of record.