IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WONDERLAND NURSEYGOODS CO., LTD., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Civil Action No. 12-196 |
| v. | ) |  |
|  | ) | Hon. Nora Barry Fischer |
| THORLEY INDUSTRIES, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM OPINION**

I.  **Introduction**

Presently before the Court is Defendant's Renewed Motion for Attorney Fees, (Docket Nos. 290, 291, 292), Plaintiff's opposition thereto, (Docket Nos. 303, 305), Defendant's Reply, (Docket Nos. 308, 309), Plaintiff's sur-reply, (Docket No. 312); oral argument presented by the parties, (Docket No. 317), the transcript of the oral argument, (Docket No. 319); and the parties' respective proposed findings of fact and conclusions of law, (Docket Nos. 323, 324).[1] After careful consideration of the entire record in this case, including the parties' submissions and oral arguments, and for the following reasons in exercising this Court's discretion, Defendant's Renewed Motion for Attorney Fees is DENIED.

---

[1] At oral argument, the parties were ordered to file proposed findings of fact and conclusions of law. (Docket Nos. 318; 319 at 61-64). After the parties filed their respective proposed findings of fact and conclusions of law, (Docket Nos. 323, 324), the Court inquired through e-mail communication whether the parties would like to file responses. The parties stated that neither would like to file a response. Thus, each party's proposed findings of fact and conclusions of law stand as unchallenged.

1

## II. Background

The Patent and Trademark Office ("PTO") issued Plaintiff's 8,047,609 patent ("'609 Patent") on November 1, 2011. (Docket No. 324 at 4). Before its issuance, Defendant expressed concern that the "mamaRoo" child seat infringed the '609 Patent in an Offering Memoranda to potential investors on October 11, 2011. (*Id.* at 4-5). Despite same, Plaintiff had no contact with Defendant regarding the '609 patent prior to Defendant's filing of its request for *inter partes* reexamination. (Docket No. 324 at 6). On January 12, 2012, Defendant commenced proceedings before the PTO.[2] (Docket No. 291 at 7). One month after the *inter partes* review was filed, the PTO granted Defendant's request for reexamination,[3] and preliminarily rejected claims 1, 2, 12, 13, 19, and 20 of the '609 patent. (*Id.*; Docket No. 324 at 6). But, the PTO did not accept Defendant's request for *inter partes* reexamination of claim 3 of the '609 patent. (Docket No. 291 at 7; Docket No. 324 at 16). Two days after the PTO initiated *inter partes* review of the claims, on February 16, 2012, Plaintiff sued Defendant for patent infringement of the '609 patent, asserting that Defendant's mamaRoo infringed the '609 patent. (Docket No. 1).

Given that the PTO initiated *inter partes* review, Defendant moved to stay this case pending resolution of the PTO proceedings. (Docket No. 14). Plaintiff opposed the stay, contending that some claims upon which it based its infringement allegations were not part of the PTO proceedings, and that as a direct competitor of Defendant, Plaintiff would be prejudiced if

---

[2] It is well settled that "Congress intended that reexaminations and civil patent litigation could occur in parallel." *Bettcher Indus. v. Bunzl USA, Inc.*, 661 F.3d 629, 647 (Fed. Cir. 2011) (stating that "[w]hile Congress desired that the creation of an *inter partes* reexamination option would lead to a reduction in expensive patent litigation, it nonetheless also provided in the statute that a court validity challenge and *inter partes* reexamination of a patent may occur simultaneously") (internal quotations omitted). As Plaintiff has noted, the average cost of *inter partes* reexamination, including an appeal to the Federal Circuit Court, is $369,000.00. (Docket No. 324 at 5 (citing 2013 AIPLA Report of the Economic Survey)).

[3] Defendant did not include claim 14 in the reexamination request, although it asserted that claim 14 was invalid in this litigation. (Docket No. 324 at 7).

the case was delayed. (Docket No. 16). The Court found Plaintiff's arguments persuasive and denied Defendant's motion to stay the case. (Docket No. 23).[4]

Over the ensuing months, the parties engaged in discovery,[5] participated in mediation,[6] and submitted their respective claim constructions. (*See* Docket Nos. 36, 39, 41, 43, 46, 53, 54). The Court ruled on same in January 2013. (Docket No. 58).[7] Thereafter, in March 2013, the parties filed a stipulation agreeing that Defendant did not infringe claims 1-3 of the '609 patent. (Docket No. 66).[8] Based on the stipulation, the Court entered judgment that Defendant did not infringe claims 1-3, (Docket No. 67), and the parties proceeded to summary judgment litigation. Plaintiff filed a motion for summary judgment, contending that Defendant infringed claims 12-14 and 19-20. (Docket No. 95). Defendant filed two motions for summary judgment, wherein it argued that the claims were invalid, (Docket No. 100), and asserted that its product did not

---

[4] In its decision, the Court explained that the America Invents Act ("AIA"), H.R. 1249, was passed in 2011 and "overhauled the reexamination process." (*Id.* at 4). The Court further stated that "[t]here is no guarantee that the AIA will accelerate reexamination" and noted that "36.2 months is probably the shortest delay likely to arise under a stay." (*Id.* (emphasis in original)).

[5] Throughout the fact discovery period, there were *no* disputes between the parties. Additionally, there were no motions for sanctions nor claims of spoliation, abuse of the discovery process, or improper litigation tactics. (*See generally* Docket Nos. 30-61). Also, during the discovery period, the Court was notified that the PTO had issued an action that confirmed the rejection of claims 1, 2, 12, 13, 19, and 20 of the '609 patent. (Docket No. 324 at 8; *see also* Docket No. 41-4). Despite this affirmance, Defendant chose not to renew its motion to stay. (Docket No. 324 at 8; *see also generally* Docket Nos. 42-290).

[6] Pursuant to the Court's Local Rules, alternative dispute resolution is mandatory. *See* L.R. 16.2. The parties participated in mediation before Arthur H. Stroyd, Jr., a neutral skilled in the patent arena, in May 2012. (Docket No. 35). Although this session was unsuccessful, the parties returned to mediation in December 2013. (Docket No. 152). Once again, they were unsuccessful. (*Id.*). Certainly, if either or both sessions had been fruitful, Defendants' attorneys' fees would have been reduced.

[7] As of the end of January 2013, Defendant incurred legal fees in the amount of $107,729.00. (Docket No. 292-1 at 7-8).

[8] On February 15, 2013, Defendant's lead counsel had a telephone conference with his client to discuss the possibility of requesting a stay. (Docket No. 309 at 10). Defendant's lead counsel again addressed the issue of a stay with his client on March 18, 2013. (*Id.* at 11). But, Defendant did not request a stay. Hence, the issue did not arise again until the Court sua sponte raised it, as will be discussed below. (Docket No. 210). As of the end of March 2013, Defendant incurred legal fees in the amount of $121,030.50. (Docket No. 292-1 at 7-8).

infringe, (Docket No. 104). In December 2013, the Court denied Plaintiff's motion for summary judgment, and granted, in part, and denied, in part, Defendant's motions. (Docket No. 157).[9] The Court granted Defendant's summary judgment motion to the extent it argued that Defendant did not infringe claims 12-14; the Court denied Defendant's motions in all other respects. (*Id.*).

With claims 19-20 still at issue, the Court entered a pretrial order, and the parties prepared for trial. Two weeks later, Plaintiff served upon Defendant amended infringement contentions and a supplemental expert report. (*See* Docket No. 176 at 1). Plaintiff's amended infringement contentions and supplemental expert report were directed at whether the gearing and linkage within the accused mamaRoo device constituted part of the alleged second motion mechanism. (Docket No. 177-1; Docket No. 200 at 3). Defendant moved to strike. (Docket Nos. 176, 177, 177-1, 177-2). The Court granted Defendant's motion[10] and then convened a final pretrial conference in January 2014, at which time the parties argued, among other things, their respective motions in limine. (Docket Nos. 200, 205).[11]

After hearing the parties' positions at the final pretrial conference, the Court sua sponte issued a show-cause order directing the parties to address two questions: (1) whether the Court should postpone trial until after the final decision on administrative appeal of the PTO decision;

---

[9] As of the end of December 2013, Defendant incurred legal fees in the amount of $287,150.00. (Docket No. 292-1 at 7-8).

[10] The Court notes that it has previously explained that "it may engage in a rolling claim construction" and that "[e]ven after a trial has begun, 'a trial judge may learn more about the technology during the trial that necessitates some clarification of claim terms before the jury deliberates.'" (Docket No. 157 at 28 (quoting *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315 (Fed. Cir. 2010)). In granting Defendant's motion to strike, the Court stated that its Local Patent Rules permit amendments or modifications of the infringement contentions or the non-infringement and/or invalidity contentions. (Docket No. 200 at 4 (citing L.P.R. 3.7)). However, in exercising its discretion, the Court determined that permitting Plaintiff's proffered amended infringement contentions would prejudice Defendant because trial was set for January 27, 2014. (*Id.* at 5-7).

[11] As of the end of January 2014, Defendant incurred legal fees in the amount of $318,054.00. (Docket No. 292-1 at 7-9).

4

and (2) whether Plaintiff should irrevocably withdraw, with prejudice, the '609 patent. (Docket No. 210). The parties submitted briefs addressing the Court's concerns, and the Court convened a Hearing and Oral Argument on the issues. (Docket Nos. 219, 220, 228). At the Oral Argument held on January 27, 2014, the Court ruled that a stay was warranted. (Docket No. 228). The Court then issued a memorandum opinion and order entering the stay on February 24, 2014. (Docket No. 234). Plaintiff moved for reconsideration, which the Court denied. (Docket Nos. 239, 246). Thereafter, Plaintiff filed a motion requesting that the Court certify its ruling as final and appealable under Rule 54(b), which the Court denied. (Docket Nos. 248, 259). Plaintiff then filed a motion for certification under 28 U.S.C. § 1292(b), which the Court also denied. (Docket Nos. 260, 267).

Nearly eighteen months later, the parties jointly moved to lift the stay and enter final judgment in favor of Defendant, (Docket No. 268), and the Court granted their request, (Docket No. 269). Thereafter, Defendant filed a motion for attorneys' fees, which the Court terminated without prejudice to being renewed after final disposition of any further proceedings on appeal or the issuance of a mandate by the United States Court of Appeals for the Federal Circuit. (Docket No. 277). After the United States Court of Appeals for the Federal Circuit affirmed this Court's judgment on May 17, 2016, (Docket Nos. 284, 285), Defendant renewed the instant motion for attorneys' fees, (Docket No. 290). In its motion, Defendant seeks an award of $580,154.00, representing the total amount of attorneys' fees that it allegedly incurred in defending this case. (Docket No. 292 at 6). In support of its motion, Defendant offers an affidavit of its lead trial attorney, a ten-page spreadsheet of hours billed by multiple attorneys and paralegals, and the American Intellectual Property Law Association's 2015 Report of the Economic Survey. (Docket Nos. 292, 292-1, 292-2). Attached to its reply, Defendant includes a fifty-one-page

ledger report. (Docket No. 309). Overall, the parties dispute whether this case is exceptional and whether Defendant has demonstrated the reasonableness of its request for attorneys' fees.[12] This matter is now ripe for disposition.

### III. Legal Standard

"Prior to 1946, the Patent Act did not authorize the awarding of attorneys' fees to the prevailing party in patent litigation." *Octane Fitness, LLC v. Icon Health & Fitness*, 134 S. Ct. 1749, 1753 (2014). Instead, the "American Rule" governed. *Id.* Pursuant to the American Rule, to which Pennsylvania adheres, "litigants are responsible for their own litigation costs and may not recover them from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *In re Farnese*, 17 A.3d 357, 370 (Pa. 2011) (internal quotations omitted).

In 1946, Congress amended the Patent Act to add a discretionary fee-shifting provision, which stated that "a court 'may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment in any patent case.'" *Octane Fitness, LLC*, 134 S. Ct. at 1753 (quoting 35 U.S.C. § 70 (1946 ed.)). Courts viewed an award of fees "not as a penalty for failure to win a patent infringement suit, but as appropriate only in extraordinary circumstances," such as when the losing party acted in "unfairness or bad faith." *Id.* (internal quotations omitted).

Six years later, Congress amended the discretionary fee-shifting provision and recodified it as 35 U.S.C. § 285. *Id.* The amended language, which remains effective today, provides that

---

[12] The Court notes that upon the parties' joint request, oral argument on Defendant's Renewed Motion was rescheduled to allow the parties to participate in mediation. (Docket Nos. 313, 314). However, the parties were unable to resolve this matter during a mediation session held before Mr. Stroyd on August 25, 2016. (Docket No. 316).

6

"[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional case" is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC*, 134 S. Ct. at 1756. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* District courts may consider "a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Patent litigants must then prove their entitlement to an award of attorney fees by a preponderance of the evidence, rather than by the previous standard of clear and convincing evidence. *See id.* at 1758 ("Indeed, patent-infringement litigation has always been governed by a preponderance of the evidence standard."). The determination whether a case is "exceptional" is indisputably committed to the discretion of the district court and is reviewed on appeal for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) ("District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances").

## IV. Discussion

Defendant primarily argues that the Court should deem this case exceptional because Plaintiff engaged in litigation misconduct by opposing its initial and renewed motions for a stay. (Docket No. 291 at 12-17). Specifically, Defendant contends that Plaintiff's efforts to avoid the

7

stay were not pursued in good faith because Defendant was found not to infringe claims 3 and 14, and Plaintiff's later filed infringement contentions revealed that it no longer was a direct competitor. (*Id.* at 13-16). Plaintiff counters that its reliance on claims 3 and 14 was not unreasonable because the Court ultimately denied Defendant's invalidity argument relative to them. (Docket No. 303 at 10).

As noted, the Court "has wide discretion in determining whether a party litigated a case in an unreasonable manner or in bad faith." *NexusCard, Inc. v. Brookshire Grocery Co.*, No. 2:15-CV-961, 2016 U.S. Dist. LEXIS 162383, at *10 (E.D. Tex. Nov. 23, 2016). "A party's position on issues of law ultimately need not be correct for them to not 'stand[ ] out,' or be found reasonable." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (quoting *Octane Fitness*, 134 S. Ct. at 1756) (alterations in original). Rather, "it is the 'substantive *strength* of the party's litigating position' that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position." *Id.* (quoting *Octane Fitness*, 134 S. Ct. at 1756) (emphasis in original). "[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Small v. Implant Direct Mfg. LLC*, No. 06-CV-683, 2014 U.S. Dist. LEXIS 154468, at *9 (S.D.N.Y. Oct. 23, 2014). However, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness*, 134 S. Ct. at 1757.

Initially, the Court notes that a party may not support a request for attorneys' fees by revisiting a court's prior rulings. *SFA Sys.*, 793 F.3d at 1348 ("Where, as here, a party's motion for fees does no more than refer the court back to its previous rulings, the district court has no obligation to reconsider or re-explain its prior rulings."). Moreover, the Court is not persuaded

8

that Plaintiff's opposition to Defendant's initial and renewed motions for a stay makes this case exceptional. As a general matter, it is not the Court's practice to stay litigation unless the interests favoring a stay outweigh the interests frustrated by a denial of a stay. *See EQT Prod. Co. v. Terra Servs., LLC*, No. 14-CV-1053, 2016 U.S. Dist. LEXIS 172613, at *9 (W.D. Pa. Dec. 14, 2016). Indeed, on March 14, 2012, this Court denied Defendant's initial motion for a stay after concluding that a stay would result in undue prejudice because Plaintiff would be prohibited from enforcing its alleged right to exclude for several years. (Docket No. 23 at 4-8). The Court did not enter a stay until nearly two years later on February 24, 2014, despite Plaintiff's opposition, when the Court found that "several factual differences have now developed." (Docket No. 234 at 9). Specifically, the Court concluded that a stay was warranted because Plaintiff and Defendant were no longer direct competitors in a large marketplace; sales of Plaintiff's SweetPeace had petered out; there was no claimed loss of profit for 2013; there was no product practicing the '609 patent; and a stay would simplify several complex issues before the Court, particularly as to how, if at all, the Court should treat the ongoing reexamination. (*Id.* at 10; *see also* Docket No. 236 at 39-41). The Court noted, however, that the stage of discovery and trial date weighed against the grant of a stay, as discovery was complete and the case was on the eve of trial. (Docket No. 234 at 36). Yet, the Court exercised its discretion and stayed the case, permitting the reexamination to continue, (i*d.* at 37), anticipating that the outcome of the reexamination could streamline this matter.[13]

Put simply, Plaintiff's opposition to Defendant's initial and renewed motions for a stay was neither exceptional nor unreasonable. *See, e.g.*, *NexusCard, Inc.*, 2016 U.S. Dist. LEXIS

---

[13] Although in a slightly different context, a recent holding by the Federal Circuit does not address the effect of the Patent Trial and Appeal Board's finding that the patent was "likely" invalid on the district court's conclusion that defendant failed to raise a "substantial question of invalidity." *Tinnus Enters., LLC v. Telebrands Corp.*, No. 16-1410, 2017 U.S. App. LEXIS 1198, at *15 (Fed. Cir. Jan. 24, 2017).

162383, at *10-11 (finding that the plaintiff's opposition to a stay was not exceptional or unreasonable); *Aviva Sports, Inc. v. Fingerhut Direct Mktg.*, No. 09-CV-1091, 2014 U.S. Dist. LEXIS 22762, at *7 (D. Minn. Feb. 24, 2014) ("Nothing in [the plaintiff's] opposition to [the defendants'] repeated requests for stays—one of which the Court denied in part and two of which the Court denied—renders this case exceptional."). Thus, Defendant has not persuaded the Court that Plaintiff engaged in a pattern of litigation abuses by opposing a stay.

Defendant's alternative arguments are similarly unavailing. (Docket No. 291 at 17-21). Specifically, Defendant contends that Plaintiff engaged in "untimely and disruptive tactics," that Plaintiff's "motivations were not well intentioned," and that Plaintiff's appeal "was independently exceptional." (*Id.*). In response, Plaintiff argues that it asserted its claims in good faith and that it did not change its theories mid-litigation. (Docket No. 303 at 20-24). Plaintiff also asserts that Defendant offers no basis for its argument that Plaintiff's unsuccessful appeal entitles Defendant to an award of appellate fees. (*Id.* at 24-25).

"'[M]ost cases awarding fees continue to involve substantial litigation misconduct.'" *Otsuka Pharm. Co. v. Sandoz, Inc.*, No. 07-CV-1000, 2015 U.S. Dist. LEXIS 137887, at *24 (D.N.J. Oct. 9, 2015) (quoting *Small v. Implant Direct Mfg. LLC*, No. 06-CV-683, 2014 U.S. Dist. LEXIS 154468, at *10 (S.D.N.Y. Oct. 22, 2014)). "District courts have awarded attorney fees in cases where the losing party made false statements to the PTO, used litigation as a means to extort a larger settlement, or used motion filings as a means to re-litigate what was presented at trial." *Id.*; *see also Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1367 (Fed. Cir. 2013) (holding that the defendant repeatedly misrepresented the date of key evidence, had three witnesses testify to the same misrepresented date, and attempted to hide the false testimony through baseless motion practice); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d

10

907, 920 (Fed. Cir. 2012) (holding that the plaintiff "(1) misrepresented both the law of claim construction and the constructions ultimately adopted by the court; and (2) introduced and relied on expert testimony that failed to meet even minimal standards of reliability"); *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324-26 (Fed. Cir. 2011) (holding that the plaintiff destroyed relevant documents, intentionally did not implement a document retention plan, failed to engage the claim construction process in good faith, and filed an objectively baseless infringement action). In sum, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 134 S. Ct. at 1757.

Other than its conclusory assertions that this case is exceptional because Plaintiff's conduct was unreasonable, Defendant fails to provide any convincing legal or evidentiary support for its arguments. (*See* Docket No. 291 at 17-21; *see also* Docket No. 308 at 4-6). Instead, the Court finds that Plaintiff asserted its position in good faith. In fact, the Court denied certain of Defendant's arguments on invalidity. (Docket No. 157 at 26 (denying Defendant's motion for summary judgment based on obviousness because Defendant "ha[d] not established by clear and convincing evidence that no reasonable jury could find that Nordella constitutes non-analogous art" or that "a person of ordinary skill in the art would be motivated to combine the 'hydraulics' of Nordella with the 'infant rocking chair' of Caster to create the claimed invention of the '609 Patent"). The Court finds that this case is akin to *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004), wherein the Federal Circuit concluded that the case was not exceptional because the plaintiff "reasonably believed that the '373 patent was valid and infringed when it filed suit and that its claim of infringement was therefore neither frivolous nor unjustified" and because the court "discern[ed] no evidence of bad faith on the part

11

of Q-Pharma during litigation." *Q-Pharma, Inc.*, 360 F.3d at 1304. Further, as previously noted, there were no discovery disputes between the parties during the fact-discovery period, and there were no motions for sanctions or claims of spoliation, abuse of the discovery process, or improper litigation tactics until this fee petition was brought.[14] Accordingly, this Court joins the many other district courts holding that the types of argument presented here do not justify an exceptional case holding. *See, e.g.*, *CTP Innovations, LLC v. Rex Three, Inc.*, No. 14-60992, 2014 U.S. Dist. LEXIS 190056, at *5 (S.D. Fla. Oct. 23, 2014) ("Conclusory allegations without any factual basis are not sufficient to warrant a finding that a case is 'exceptional' in favor of either party."). *See also Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014) ("[The defendants] present zero evidence of bad faith. Expressions of outrage and suspicion in the form of attorney argument are not evidence of bad faith. Nor does the mere act of pursuing appellate review—available as a matter of right and frequently necessary to preserve future rights of appeal—by itself suggest an abuse of the legal system."); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2017 U.S. Dist. LEXIS 5561, at *18-19 (N.D. Cal. Jan. 13, 2017) (explaining that "[a] case presenting 'exceptionally meritless claims' may warrant an award of attorneys' fees" and finding that the defendant's positions were "objectively reasonable") (quoting *Octane Fitness*, 134 S. Ct. at 1757).

Although the Court relies upon the well-established law of the Federal Circuit to determine whether this case is exceptional, the Court also finds it helpful to look to other district court decisions where attorneys' fees were sought. For example, in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 372 F. Supp. 2d 833 (E.D. Va. 2005), the court explained

---

[14] Indeed, as this Court recalls, counsel repeatedly commented that they were getting along well and if there was a problem, it was only the competing stances of their respective clients.

that "'exceptional' cases are those rare or extraordinary cases blighted and marked by a party's bad faith or inequitable conduct." *Id.* at 851. The court found that such conduct had not occurred, stating that "[c]ounsel for both sides litigated their clients' respective positions vigorously and aggressively, as must be reasonably expected where, as here, there are experienced and zealous legal advocates involved." *Id.* at 852. *See also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, No. 1:09-MD-2050, Docket No. 430 at 2 (S.D. Ohio Jan. 24, 2017) (awarding attorneys' fees where the plaintiff disregarded reasonable assurances of non-infringement proffered by the defendants and their customers; knew or should have known that the technology sold was not covered by the patent; proceeded with infringement claims despite substantial evidence that the patent was invalid; and initiated the litigation "to embark on a fishing expedition into Defendants' operations and proprietary customer lists for the purpose of developing direct patent infringement claims against their customers"); *Creative Internet Adver. Corp. v. Yahoo!, Inc.*, 689 F. Supp. 2d 858 (E.D. Tex. 2010) (holding that the case was not exceptional because the defendant "did not fabricate or destroy evidence or advance clearly frivolous arguments"); *IMX, Inc. v. Lendingtree*, LLC, 469 F. Supp. 2d 203, 223 (D. Del. 2007) (finding that attorneys' fees were not warranted because "defendant's infringement of the '947 patent was a 'close' question, and defendant's trial tactics did not rise to the level of bad faith or vexatious litigation").

Here, Defendant also argues that Plaintiff engaged in untimely and disruptive tactics with its "eleventh-hour attempt to substitute a new infringement theory and expert report after the Court's summary judgment ruling and only a month before trial." (Docket No. 291 at 18). Defendant cites to no authority in support of its argument. However, as noted above, litigants may engage in rolling claim construction, even after a trial has begun. (Docket No. 157 at 28).

Further, this Court's Local Patent Rules, which permit amendments or modifications of the infringement contentions or the non-infringement and/or invalidity contentions, state that "'[t]he Court's ruling on claim construction may support a timely amendment or modification of the Infringement Contentions or the Non-infringement and/or Invalidity Contentions.'" (Docket No. 200 at 4 (quoting L.P.R. 3.7)).[15] In opposing Defendant's motion, Plaintiff emphasized that it served its supplemental contentions on December 26, 2013, less than one week after the Court ruled on four motions for summary judgment and made a supplemental claim construction. (Docket No. 197 at 4-6; *see also* Docket No. 157 at 28-44). Given the Court's prior decisions and Local Patent Rules, it cannot conclude that Plaintiff's requested amendment renders this case exceptional.[16] Similarly, contrary to Defendant's argument, (*see* Docket No. 291 at 18-20), However, Plaintiff's request for a permanent injunction does not render this case exceptional. In fact, injunctive relief is often, if not always, requested in patent litigation. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1334 (Fed. Cir. 2012) ("The availability of injunctive relief is particularly important in the patent context, where patent holders undoubtedly have the right to exclude others from using their intellectual property without permission.") (citing 35 U.S.C. § 154(a)(1) ("Every patent shall contain . . . a grant to the patentee . . . of the right to exclude others from making, using, offering for sale, or selling the invention throughout the

---

[15] In its proposed findings of fact and conclusions of law, Plaintiff points out that Local Patent Rule 3.7 does not require leave of court to file amended or modified infringement contentions. (Docket No. 324 at 15). Although the Court noted that Plaintiff did not seek leave to amend after it issued a memorandum opinion resolving the parties' motions for summary judgment, the Court did not interpret whether the rule requires leave. (Docket No. 200 at 4). Indeed, the language of Local Patent Rule 3.7 does not specify whether leave is required. *See* L.P.R. 3.7.

[16] Further, as a former practicing trial attorney, this Court finds it reasonable that Plaintiff's counsel would make a record of his proposed construction in the event of eventual appellate review. *See, e.g.*, *Cloud Farm Assocs. LP v. Volkswagen Grp. of Am., Inc.*, No. 16-1448, 2017 U.S. App. LEXIS 325, at *20 (Fed. Cir. Jan. 9, 2017) (finding that the plaintiff had waived its argument "because it failed to propose this structure at either claim construction hearing at the district court"); *Global Traffic Techs., LLC v. Morgan*, 620 Fed. Appx. 895, 902 (Fed. Cir. 2015) (concluding that the defendant waived a directionality argument because it was not made before the district court).

United States.")). As discussed above, before the issuance of the patent, Defendant expressed concern that the mamaRoo infringed the '609 Patent in its Offering Memoranda to potential investors. (Docket No. 324 at 4-5). Therefore, it was not unreasonable for Plaintiff to file suit and seek an injunction based upon its patent. Finally, Plaintiff's appeal was not "independently exceptional," (Docket No. 291 at 20), because the mere act of pursuing appellate review does not suggest an abuse of the legal system. *See Therasense, Inc.*, 745 F.3d at 517.

As the Court must exercise its sound discretion in determining whether, given the totality of the facts and circumstances, a case is exceptional under the meaning of § 285, *Octane Fitness*, 134 S. Ct. at 1756, it is this Court's opinion that Defendant has not shown by a preponderance of the evidence that Plaintiff engaged in litigation misconduct or that Plaintiff litigated this case in an unreasonable manner. Rather, both sides presented legitimate arguments in support of their positions. Accordingly, the Court, having presided over the instant action for nearly five years and in exercising its discretion, finds that Defendant has failed to carry its burden to demonstrate that this is an "exceptional case . . . that stands out from the others,"[17] *id.*, thereby meriting an award of attorneys' fees.

---

[17] In the event that the Court is found to have abused its discretion in concluding that this case is not exceptional and this matter is remanded, the Court is mindful that it is well settled that district courts have discretion to determine the amount of legal fees to be awarded in exceptional cases. *See Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016). "In determining the reasonableness of the award [under 35 U.S.C. 285], there must be some evidence to support the reasonableness of, *inter alia*, the billing rate charged and the number of hours expended" and that "[a] fee petition is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983) (quoting *Keenan v. City of Phila.*, 983 F.2d 459, 472 (3d Cir. 1992)).

Here, the Court would likely appoint a Special Master, as did Judge Arthur J. Schwab in *Drone Techs., Inc. v. Parrot S.A.*, No. 2:14-CV-111, at Docket No. 438 (W.D. Pa. 2015), to analyze the fifty-one-page ledger report that Defendant has attached to its reply, (Docket No. 309), even though there is no apparent dispute as to the hourly rates. In making such referral, the Court notes that it cannot determine the reasonableness of Defendant's fees without reviewing many of the documents to which reference is made in the ledger report. At this stage, said documents are not available to the Court, as discovery documents are not filed. *See* L.R. 5.4A. Additionally, Defendant has not provided the Court with any billing or retainer agreement. It is also unclear if the ledger report is final, given numerous edits and redactions in same. Indeed, it has not been averred that the bill has been paid. (*See*

## V. Conclusion

For the foregoing reasons, as Defendant has not established that this case is an exceptional one that warrants an award of attorneys' fees, the Court DENIES Defendant's Renewed Motion for Attorney Fees, (Docket No. 290).

An appropriate Order follows.

                                                      *s/Nora Barry Fischer*
                                                      Nora Barry Fischer
                                                      United States District Judge

cc/ecf: All counsel of record

---

Docket Nos. 290, 291, 292, 292-1, 308, 309). Further, Defendant has not made any attempt to allocate fees as between claims 3 and 14 and the remaining claims in this litigation. Finally, the ledger report includes multiple administrative and/or clerical tasks, along with redundancies and what the Court perceives to be double billing, all of which would have to be scrutinized. *See, e.g.*, *Walker v. Gruver*, No. 1:11-CV-1223, 2013 U.S. Dist. LEXIS 158219, at *41 (M.D. Pa. Nov. 5, 2013) ("It is well-established that time expended to perform clerical work is not recoverable."); *Adm'x of the Estate of Conway v. Fayette County Children & Youth Servs.*, No. 08-CV-823, 2011 U.S. Dist. LEXIS 98501, at *16 (W.D. Pa. Aug. 31, 2011) (finding that double billing for routine conferences was "excessive and unnecessary"). *See also Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, No. 09-CV-290, 2013 U.S. Dist. LEXIS 89499, at *9 n.1 (W.D. Pa. June 26, 2013) (explaining that courts must "expend considerable time and effort in reviewing and discussing in detail the merits and demerits of each request [for attorneys' fees]"); *Defurio v. Elizabeth Forward Sch. Dist.*, No. 05-CV-1227, 2008 U.S. Dist. LEXIS 47707 (W.D. Pa. June 19, 2008) (wherein this Court granted a motion for attorneys' fees and reviewed in detail the request for fees).